UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 12 CR 723 |
| | ) | |
| v. | ) | Hon. Sharon Johnson Coleman |
| | ) | |
| ADEL DAOUD | ) | |

**Government's Motion for Pretrial Conference
Pursuant to the Classified Information Procedures Act and
<u>Memorandum of Law in Support Thereof</u>**

**I.    Preliminary Statement**

The government respectfully submits this memorandum of law to apprise the Court of the applicability of the Classified Information Procedures Act, 18 U.S.C. App. 3 ("CIPA"), to matters relating to classified information that may arise in connection with the prosecution, both before and during trial. The government also submits this memorandum of law in support of its motion for a pretrial conference, pursuant to Section 2 of CIPA, to consider such matters. At the arraignment scheduled for October 11, 2012, the government will be asking the Court to schedule such a conference with the Court.

**II.    Background**

To assist the Court in this case, the government herein describes the procedures mandated by CIPA for protecting classified information. CIPA "'is essentially a procedural tool' for a court to address the relevance of classified information before it may be introduced." *United States v. Abu Marzook,* 412 F.Supp.2d 913, 917-18 (N.D. Ill. 2006) (quoting *United States v. Dumeisi,* 424 F.3d

1

566, 578 (7th Cir. 2005)). The fundamental purpose of CIPA is "protecting and restricting the discovery of classified information in a way that does not impair the defendant's right to a fair trial." *United States v. O'Hara,* 301 F. 3d 563, 568 (7th Cir. 2002).

### A. Pretrial Conferences, Protective Orders, and Discovery Under CIPA

#### 1. Pretrial Conferences

Section 2 of CIPA provides that "[a]t any time after the filing of the indictment or information, any party may move for a pretrial conference to consider matters relating to classified information that may arise in connection with the prosecution." 18 U.S.C. App. III § 2. After such a motion is filed, "or on its own motion, the court shall promptly hold a pretrial conference to establish the timing of requests for discovery, the provision of notice required by Section 5 of [CIPA], and the initiation of the procedure established by Section 6 of [CIPA]." *Id.* The pretrial conference may be held with the government *in camera* and *ex parte*.

#### 2. Protective Orders

Section 3 of CIPA requires the Court, upon the request of the United States, to "issue an order to protect against the disclosure of any classified information disclosed by the United States to any defendant in any criminal case . . . ." 18 U.S.C. App. III § 3. The key Senate Report on CIPA, issued by the Senate Committee on the Judiciary, provides that the terms of a protective order may include, but need not be limited to, provisions:

> (1) prohibiting the disclosure of the information except as authorized by the court; (2) requiring storage of material in a manner appropriate for the level of classification assigned to the documents to be disclosed: (3) requiring controlled access to the material during normal business hours and at other times upon reasonable notice; (4) requiring the maintenance of logs recording access by all persons authorized by the court to have access to the classified information in connection with the preparation of the defense; (5) requiring the making and handling of notes taken from material containing classified information; and (6) authorizing the assignment of government security personnel and the provision of government storage facilities.

S. Rep. No. 96-823 at 6, reprinted in 1980 U.S.C.C.A.N. 4294, 4299.

### 3. Discovery of Classified Information by the Defendant

Although CIPA does not alter the government's discovery obligations, Section 4 of the Act sets forth a procedural mechanism to protect classified information, including classified sources and methods, while protecting a defendant's due process rights. Pursuant to Section 4, "[t]he court, upon a sufficient showing, may authorize the United States to:

> (1) delete specified items of classified information from documents to be made available to the defendant through discovery under the Federal Rules of Criminal Procedure;
>
> (2) substitute a summary of the information for such classified documents; or
>
> (3) substitute a statement admitting the relevant facts that classified information would tend to prove." 18 U.S.C. App. III § 4.

As with the procedures in Fed. R. Crim. P. 16(d)(1), Section 4 of CIPA provides that the United States may demonstrate the need for such alternatives through an *in camera*, *ex parte* submission to the Court. *See United States v. Rezaq*, 134 F.3d 1121, 1142 (C.A.D.C. 1998); *United States v. Yunis*, 867 F.2d 617, 622-23

3

(D.C. Cir. 1989); *United States v. Sarkissian*, 841 F.2d 959, 965 (9th Cir. 1988); *United States v. Pringle*, 751 F.2d 419, 427 (1st Cir. 1984); *Marzook*, 435 F.Supp. 2d. at 745. CIPA's legislative history makes clear that the Court may take national security interests into account in determining whether to permit discovery to be denied, restricted, or deferred. S. Rep. No. 96-823, at 6 (*reprinted in* 1980 U.S.C.C.A.N. 4294, 4299-4300); *United States v. Smith*, 780 F.2d 1102, 1110 (4th Cir. 1985) (holding that defendant's right to discovery must be balanced against public's interest in non-disclosure); *Pringle*, 751 F.2d at 427.

### B. Notice of Defendant's Intent to Disclose and Pretrial Evidentiary Rulings

Although the United States does not anticipate providing classified information to the defense in this case, if that circumstance arises there are three critical pretrial steps in the handling of such classified information should the defendant reasonably expect to disclose or cause the disclosure of classified information.

First, pursuant to Section 5(a) of CIPA, the defendant must specify the precise classified information he reasonably expects to disclose or to cause the disclosure of "in any manner in connection with any trial or pretrial proceeding...." *See, e.g., United States v. Wilson*, 750 F.2d 7, 9 (2d Cir. 1984); *United States v. Collins*, 720 F.2d 1195, 1199-1200 (11th Cir. 1983).

Second, the Court, upon motion of the government, shall hold a hearing pursuant to Section 6(a) to determine the use, relevance, and admissibility of the proposed evidence. At the Section 6(a) hearing, the Court hears the defense proffer

4

and the arguments of counsel, then rules whether the classified information identified by the defense is relevant under Rule 401 of the Federal Rules of Evidence.[1] *Smith*, 780 F.2d at 1106; *see generally Yunis*, 867 F.2d at 622. The Court must also determine whether the evidence is cumulative, "prejudicial, confusing, or misleading," so that it should be excluded under Rule 403 of the Federal Rules of Evidence. *See Wilson*, 750 F.2d at 9. At the conclusion of the Section 6(a) hearing, the Court must state in writing the reasons for its determination as to each item of classified information.

Third, following the Section 6(a) hearing and formal findings of admissibility by the Court, the United States may move to substitute an admission of relevant facts or summaries for classified information that the Court rules is admissible. The Court must grant the motion for substitution "if it finds that the statement or summary will provide the defendant with substantially the same ability to make his defense as would disclosure of the specific classified information." 18 U.S.C. App. III § 6(c)(1).

If the Court determines that the item of classified information at issue is relevant and admissible and denies the government's motion for substitution, Section 6(e)(1) of CIPA permits the government to object to the classified information's disclosure. 18 U.S.C. App. III § 6(e)(1). In such cases, the Court "shall

---

[1] CIPA does not change the "generally applicable evidentiary rules of admissibility." *Wilson*, 750 F.2d at 9; *accord Yunis*, 867 F.2d at 623. Rather, CIPA alters the *timing* of rulings concerning admissibility, so as to require them to be made before trial. *United States v. Poindexter*, 698 F. Supp. 316, 318 (D.D.C. 1988); *accord Smith*, 780 F.2d at 1106.

5

order that the defendant not disclose or cause the disclosure of such information." *Id.* Section 6(e) then sets forth a sliding scale of remedies that the Court may impose in such a case. *Id.* at § 6(e).

### C. Rules Governing Introduction of Classified Information

In order to prevent "unnecessary disclosure" of classified information, CIPA Section 8(b) permits the Court to order admission into evidence of only a part of a writing, recording, or photograph. Alternatively, the Court may order into evidence the entire writing, recording, or photograph with all or part of the classified information contained therein excised. Excision of such classified information may not be authorized, however, if fairness requires that the whole document, recording, or photograph be considered.

Section 8(c) establishes a procedure for addressing the problems that may emerge during the taking of testimony from a witness who possesses classified information not previously found to be admissible. If a defendant reasonably expects that a question or a line of inquiry would result in disclosure of classified information, CIPA mandates that he or she give the United States notice under Section 5 of the Act; Section 8(c), in effect, serves as a supplement to the Section 6(a) procedures, addressing circumstances that might not have been anticipated in advance of the taking of testimony. Thus, upon objection of the United States to a defense question or line of inquiry not covered in a Section 6(a) proceeding, the Court must take suitable action to avoid the improper disclosure of classified information by a witness.

6

### D. Security Procedures

Section 9 of CIPA required the Chief Justice of the United States to prescribe security procedures for the protection of classified information in the custody of federal courts. On January 15, 2011, Chief Justice Roberts promulgated revised security procedures.

### E. Existence of Classified Material

In this case, classified material exists as part of the investigation. The disclosure of such material, however, would raise issues of national security. Pursuant to Section 2 of CIPA, the United States respectfully requests that the Court hold a pretrial conference hearing on a date to be determined at the arraignment on October 11, 2012.

At that pretrial conference, the government anticipates that it will be prepared to report to the Court the universe of classified material gathered by the government during this investigation and the government's proposed plan to address its discovery obligations, as well as for the filing of any motions pursuant to CIPA Section 4.

## II. Argument

Defendant Adel Daoud is charged with attempting to use a weapon of mass destruction, in violation of 18 U.S.C. § 2332a(a)(2)(D), and attempting to destroy a building by use of an explosive, in violation of 18 U.S.C. § 841(i). Due to the nature of the charges and the expected evidence, the United States anticipates that issues relating to classified information will arise in connection with this case. Accordingly, the United States respectfully moves for a pretrial conference pursuant

to Section 2 of CIPA to establish a discovery and motion schedule relating to any classified information. Before that conference, the government will endeavor to identify all possible classified material and determine its potential applicability, nature and, volume.[1]

At the Section 2 pretrial conference, the government anticipates it will be prepared to report to the court regarding the volume of possible classified information that may be implicated in this case, and to provide an estimate of the time necessary to conduct a complete review of any potentially relevant classified information.[2] Based on that estimate, the government will be prepared to suggest a schedule for the completion of the review, and be prepared to discuss discovery and the timing for the filing of motions, pursuant to Sections 3 and 4 of CIPA. Finally, pursuant to Section 4 of CIPA, the government will request that the Court authorize *in camera, ex parte* submissions regarding classified materials that the government believes should be subject to deletion, a process courts have consistently regarded as proper in matters involving national security. *See, e.g.*, *United States v. Mejia*, 448 F.3d 436, 455 (D.C. Cir. 2006); *United State v. Gurolla*, 333 F.3d 944, 951 (9th Cir. 2003); *Pringle*, 751 F.2d at 427; and *United States v. Marzook*, 435 F.Supp. 2d at 745.

---

[1] The government began the process of reviewing material relating to the investigation and obtaining appropriate approvals well before the defendant's arrest in this case.

[2] Because of the classified nature of any such information, the government will not be able to describe the nature of the information in open court. As such, government requests authorization to convey the classified information *ex parte* and *in camera*, either orally at a sealed conference or through a sealed letter.

**III.    Conclusion**

For the foregoing reasons, the government respectfully requests that at the arraignment on October 11, 2010 the Court set a date for a pretrial conference pursuant to Section 2 of CIPA.

                                      Respectfully submitted,
                                      GARY S. SHAPIRO
                                      Acting United States Attorney

By:    s/*William E. Ridgway*
           WILLIAM E. RIDGWAY
           BARRY JONAS
           BOLLING HAXALL
           Assistant U.S. Attorneys
           219 South Dearborn Street, Fifth Floor
           Chicago, Illinois 60604
           (312) 469-6233