UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 12 CR 723 |
| | ) | |
| v. | ) | Hon. Sharon Johnson Coleman |
| | ) | |
| ADEL DAOUD | ) | |

**Government's Motion to Designate the Case Complex
and Exclude Time Under the Speedy Trial Act**

The UNITED STATES OF AMERICA, by GARY S. SHAPIRO, Acting United States Attorney for the Northern District of Illinois, Eastern Division, respectfully submits this motion requesting that the case be designated as complex due to the nature of the prosecution, making it unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits ordinarily established by 18 U.S.C. § 3161.

**I.     Background**

On the evening of September 14, 2012, the defendant Adel Daoud was arrested after attempting to detonate what he believed to be car bomb in front of a bar in downtown Chicago, culminating a lengthy FBI investigation. Doc. #1 at 5-6.

A grand jury returned an indictment on September 20, 2012, charging the defendant with attempting to use a weapon of mass destruction, in violation of Title 18, United States Code, Section 2332a(a)(2)(D), and attempting to destroy a building used in interstate commerce, in violation of Title 18, United States Code,

1

Section 844(i). Doc. #16. Together the charges carry a mandatory minimum sentence of five years and a maximum of life imprisonment.

## II. Governing Law

The Speedy Trial Act, codified at 18 U.S.C. § 3161 *et seq.*, generally requires that the trial of a defendant charged by indictment "shall commence within seventy days from the filing date (and making public) of the . . . indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1).

Recognizing that such a time line is not always practicable, the Act provides that various "periods of delay shall be excluded" from the seventy-day clock. 18 U.S.C. § 3161(h). *Zedner v. United States*, 547 U.S. 489, 497 (2006). For example, the statute excludes periods of delay "resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion," § 3161(h)(1)(D), and "any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court," § 3161(h)(1)(H).

The Act also recognizes that district judges need flexibility in accommodating unique case-specific concerns that do not fit neatly into any of the categories set forth in § 3161(h)(1)-(6). Under § 3161(h)(7), a district judge may grant a continuance *sua sponte* or at a party's request "on the basis of a finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." The Act directs that a judge "shall consider" a

2

non-exhaustive list of factors when determining whether to grant such a continuance. § 3161(h)(7)(B). Those factors include, among others, the following:

> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

§ 3161(h)(8)(B)(ii). As a procedural matter, a court is required by the Act to "set[] forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." § 3161(h)(8)(A); *see Zedner*, 547 U.S. 489, 505 n.7 (noting that "[t]he best practice . . . is for a district court to put its findings [supporting an ends-of-justice continuance] on the record at or near the time when it grants the continuance").

### III. Discussion

The United States respectfully requests that the Court find that this case is complex due to the nature of the prosecution such that it is unreasonable to expect adequate preparation for pretrial proceedings and for the trial itself within the time limits established by this section. The volume and form of discovery materials in this case – including over a terabyte of seized electronic data from a number of computers, cell phones, and other electronic media – will itself require significant time and expert assistance for the United States and the defendant to properly evaluate.

3

Moreover, as the United States has already indicated to the Court and the defense in its motion for a pretrial conference pursuant to the Classified Information Procedures Act ("CIPA"), 18 U.S.C. App. III § 2, it expects that this case will involve filings under CIPA. *See* Doc. #23. Resolution of these complex issues is likely to take time. *United States v. Salad*, 779 F. Supp. 2d 509 (E.D. Va. 2011) (deeming case complex in part because "CIPA is time consuming," but "necessary before the prosecution can legally comply with its discovery obligations.") (citing *United States v. Warsame*, No. 04–29, 2007 WL 748281 at *3 (D. Minn. March 8, 2007); *see also United States v. Al-Arian*, 267 F.Supp.2d 1258, 1263 (MD Fla. 2003) (noting that terrorism cases present the type of complex and challenging issues for which it is unreasonable to expect expeditious trial dates). These factors, alone and in combination, make it unreasonable to expect adequate preparation for pretrial proceedings or for trial itself within the time limits established under 18 U.S.C. §3161.

## IV. Conclusion

The United States submits that holding the trial in this case within the time limits ordinarily established by 18 U.S.C. § 3161 would not serve the ends of justice given the complexity of the case and the prospect of CIPA proceedings. As such, the United States respectfully requests that the Court designate the case complex and exclude time under the Speedy Trial Act until the parties next appear before the Court.

                                          Respectfully submitted,
                                          GARY S. SHAPIRO
                                          Acting United States Attorney

By:    s/*William E. Ridgway*
         WILLIAM E. RIDGWAY
         BARRY JONAS
         BOLLING HAXALL
         Assistant U.S. Attorneys
         219 South Dearborn Street, Fifth Floor
         Chicago, Illinois 60604
         (312) 469-6233