IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12 CR 723 |
| | ) | Judge Sharon Johnson Coleman |
| ADEL DAOUD, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION TO DESIGNATE
THE CASE COMPLEX AND EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT**

Defendant, **ADEL DAOUD**, by and through his attorneys, **THOMAS ANTHONY DURKIN, JANIS D. ROBERTS,** and **JOSHUA G. HERMAN**, pursuant to the Bail Reform Act of 1984, 18 U.S.C. § 3142, *et seq.*, as well as the Due Process, Effective Assistance of Counsel and Excessive Bail provisions of the Fifth, Sixth, and Eighth Amendments to the Constitution of the United States, in response to the "Government's Motion to Designate the Case Complex and Exclude Time Under the Speedy Trial Act," filed on October 10, 2012, (Dkt. No. 24), and respectfully requests that the Court deny the government's Motion. In the alternative, should the Court be compelled to grant the government's motion for the reasons its states, Defendant respectfully requests that the Court modify Defendant's current detention order so as to permit Defendant's release on conditions in conformity with the aforesaid statutes and Constitutional provisions.

**ARGUMENT**

The government offers three grounds to support its request essentially to suspend the Speedy Trial Act and Defendant's Due Process rights to a Speedy Trial, based upon the fact that

this is a "terrorism" related case involving classified evidence. Specifically, it argues that the Court should find the case to be "complex due to the nature of the prosecution."

The government also cites the "volume and form of discovery materials," which it estimates to be over a terabyte of electronic data. Lastly, the government indicates that it expects that this case will involve filings under the Classified Information Procedures Act ("CIPA"), 18 U.S.C. App. III. The government submits that these factors, "alone and in combination, make it unreasonable to expect adequate preparation for pretrial proceedings or for trial itself within the time limits established under 18 U.S.C. § 3161." The government's request for such a blanket order excluding time should not be permitted to override Defendant's rights to a Speedy Trial under the Speedy Trial Act itself or fundamental Due Process Speedy Trial rights.

As to its first argument, the government's reference to the "nature of the prosecution" is nothing more than a tacit reference to this being a terrorism case. However, "terrorism," should not and cannot abrogate constitutional and statutory protections fundamental to the right to a Speedy Trial. Nor does the government provide any explanation or detail how the "nature of the prosecution" will make it "unreasonable to expect adequate preparation for pretrial proceedings and for the trial itself within the time limits established by [§ 3161]." (Govt. Mot., p. 3.) With all due respect to the prosecutors, discovery is a concern of the Defendant, not the government; and this young Defendant does not wish to rot in pre-trial detention so the government can comb through its purported "terabyte of seized electronic data" (*id.*) or wait for government intelligence agencies to get around to declassifying material surreptitiously obtained under FISA

or other covert operations.[1]

The fact of the matter is that this is a simple case that will be litigated solely over the factual determination of whose idea it was to attempt to use the *faux* weapon of mass destruction created by the FBI; *i.e.*, this 18-year old Defendant or the undercover FBI agent posing as a "half-Afghan" terrorist following the fatwah of his purported foreign sheikh. (*See*, Criminal Complaint, Docket No. 1, ¶¶ 20, 40-41, 43(b).) That determination will not depend one *iota* on the government's terabyte of electronic data.

Lastly, the government asserts as a ground for its request to exclude time its expectation that this case will involve filings under CIPA. Accepting the government's logic, classified information and CIPA practice would *per se* necessarily erase any of the Fifth, Sixth, or Eighth Amendment rights implicated here or in any other terrorism-related prosecution. Indeed, the opposite is true with respect to CIPA. In fact, explicit in CIPA's legislative history is the admonition that "the defendant should not stand in a worse position, because of the fact that classified information is involved, than he would without this Act." S. Rep. No. 96-823, at 9 (1980), *as reprinted in* 1980 U.S.C.C.A.N. 4302; *see also United States v. Poindexter*, 698 F. Supp. 316, 320 (D.D.C. 1988). Consequently, as the Fourth Circuit pointed out in *United States v. Fernandez*, 913 F.2d 148 (4th Cir. 1990), "[a]lthough CIPA contemplates that the use of classified information be streamlined, courts must not be remiss in protecting a defendant's right to a full and meaningful presentation of his claim to innocence." *Id.* at 154.

Consistent with that mandate, CIPA also does not diminish the government's obligation

---

[1] In counsel's experience, this classified discovery is often meaningless to the defense and frequently tantamount to looking for a needle in the haystack of digital discovery.

to provide exculpatory material to the defendant in compliance with *Brady v. Maryland*, 373 U.S. 83 (1963). *See also United States v. Moussaoui*, No. CR. 01-455-A, 2003 WL 21263699, at *4 (E.D. Va. Mar. 10, 2003) (holding that *Brady* principles apply in the CIPA context, including information negating guilt as well as that affecting a potential sentence).

The government cites several cases in its motion, which, aside from sharing terrorism-related charges, are readily distinguishable. For example, in *United States v. Al-Arian*, 267 F. Supp. 2d 1258, 1261 (M.D. Fla. 2003), defendant Al-Arian raised a challenge under the Speedy Trial Act, 18 U.S.C. § 3161 but his three co-defendants not only waived speedy trial, they also sought continuances for up to 18 months to complete discovery. The court ultimately granted the co-defendants' motions and rejected defendant Al-Arian's Speedy Trial Act challenge after attributing to him the delay caused by the co-defendants' continuance motions. *Id*. at 1264-65. In contrast, here the delay is attributable *solely* to the government's request, and *not* to the Defendant.

Two other cases cited by the government, *United States v. Warsame*, 2007 WL 748281 (D. Minn. Mar. 8, 2007) and *United States v. Salad*, 779 F. Supp. 2d 509 (E.D. Va. 2011), are both unremarkable in their observations that the application of CIPA procedures add complexity to a case. *Salad* even undermines the government's argument, however, as there the District Court judge noted that the involvement of classified information does not, in and of itself, justify a continuance, but is instead only a factor that a court may consider. *Salad*, 779 F. Supp. 2d at 514. Thus, the only apparently similarity between *Al-Arian*, *Warsame*, and *Salad* and this case is the involvement of classified information and terrorism charges.

Rather than grant the government's motion to exclude time based only upon the "nature

of the prosecution" and the government's expectations of the nature of discovery (classified and unclassified) that may be involved in this case, counsel respectfully submit that the appropriate relief in these circumstances is either to deny the government's motion, or grant Defendant's release upon conditions.[2]  The government should not be permitted to have it both ways.

          Respectfully submitted,

          /s/Thomas Anthony Durkin
          **THOMAS ANTHONY DURKIN,**

          /s/Janis D. Roberts
          **JANIS D. ROBERTS,**

          /s/Joshua G. Herman
          **JOSHUA G. HERMAN,**
          Attorneys for Defendant Adel Daoud.

**DURKIN & ROBERTS**
2446 North Clark
Chicago, Illinois 60614
(312) 913-9300

---

[2] Insofar as release on conditions is concerned, counsel would request an evidentiary hearing pursuant to the provisions of 18 U.S.C. § 3142 to demonstrate sufficient conditions of release to satisfy the statute under these circumstances.

## **CERTIFICATE OF SERVICE**

       Joshua G. Herman, Attorney at Law, hereby certifies that the foregoing Defendant's Response to Government's Motion to Designate the Case Complex and Exclude Time Under the Speedy Trial Act, was served on October 10, 2012, in accordance with Fed.R.Crim.P.49, Fed.R.Civ.P.5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

                                                     /s/ Joshua G. Herman
                                                     **JOSHUA G. HERMAN,**
                                                       Attorney at Law.

**DURKIN & ROBERTS**
2446 N. Clark Street
Chicago, IL 60614
(312) 913-9300