**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12 CR 723 |
| | ) | Judge Sharon Johnson Coleman |
| ADEL DAOUD, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S UNOPPOSED PETITION FOR COURT APPOINTED COUNSEL**

Defendant, **ADEL DAOUD**, by and through his attorneys, **THOMAS ANTHONY DURKIN, JANIS D. ROBERTS,** and **JOSHUA G. HERMAN,** pursuant to the Due Process and Effective Assistance of Counsel clauses of the Fifth and Sixth Amendments to the Constitution of the United States, as well as the Criminal Justice Act, 18 U.S.C. § 3006A, Fed. R. Crim. P. 44, and the Northern District of Illinois Local Rules 83.36(c) & 83.4, hereby petitions the Court to change the nature of the representation to court-appointed representation in order that attorneys from the firm of Durkin & Roberts may be eligible for reimbursement from the District Court Fund. The government has no objection to this request.

In support of this Petition, Defendant, through counsel, shows to the Court the following:

1. Defendant was arrested on September 14, 2012. As described in the Criminal Complaint and subsequent two-count Indictment, Defendant is accused of attempting to use an inert explosive device outside of a bar in downtown Chicago, in violation of 18 U.S.C. § 2332(a)(2)(D) (attempting to use a weapon of mass destruction) and 18 U.S.C. § 844(i) (attempting to destroy a building used in interstate commerce). (*See* Docket Nos. 1 and 16.)

2.      On September 15, 2012, Defendant made his initial appearance before Magistrate

Judge Arlander Keys.  At that time Magistrate Judge Keys appointed MiAngel Cody of the

Federal Defender Program on the basis of Defendant's Financial Affidavit which satisfied the

court that Defendant was "financially unable to employ counsel."  (Docket No. 3.)  The court

then scheduled a preliminary examination and detention hearing for September 17, 2012.

(Docket No. 2.)

3.      Shortly after the initial appearance, members of Defendant's family met with

undersigned counsel on behalf of Defendant.  The family then hired Mr. Durkin and his firm,

Durkin & Roberts; and undersigned counsel—with Defendant's consent—then filed their

appearances on September 20, 2012.  (Docket Nos. 11-13.)  At the time of the retention of

Durkin & Roberts, the Daoud family agreed to a fee agreement that while not expressly hourly

rates, was conditioned upon the anticipated amount of time the case would take.  In light of

certain new developments in the case, that estimate of time is now unrealistic which makes it

impossible for the family to continue to abide financially by the terms of the initial agreement.

Should the Court desire more detailed information concerning either the initial fee arrangement

and/or the new developments that render that agreement impossible for the family to fulfill,

counsel would be happy to provide this information to the Court *in camera.*

4.      Defendant was arraigned on October 11, 2012, and since then the government has

tendered voluminous discovery materials with yet more to come.  To date, the government has

produced over 70 digital discs containing thousands of pages of digital documents, hundreds of

pages of FBI reports, as well as other materials including audio and video recordings.  A review

of these voluminous materials has required a substantial devotion of time for counsel to review,

analyze, organize, comprehend, and share with Defendant.

5.    Defendant himself remains financially unable to retain counsel based on the grounds set forth in his previously filed Financial Affidavit that Magistrate Judge Keys previously found adequate for the appointment of counsel, and the funds provided by the family to date have been well exhausted by the amount of work the firm has expended in reviewing the voluminous discovery and traveling to Kankakee to meet with Defendant.  Further, Defendant's family has informed counsel that in light of the new developments in the case they cannot raise sufficient funds for the additional work that is now required.  Despite these financial difficulties, Defendant has developed a relationship of trust with undersigned counsel and both he and his family desire that undersigned counsel continue to represent him.

6.    Pursuant to Local Rule 83.36(c), private counsel may be eligible for reimbursement of expenses.  This provision of the Local Rule states in full:

> (c) Making Private Counsel Court-Appointed. Where a party is represented by counsel and because of the party's financial condition both the party and counsel wish to change the nature of the representation to court-appointed representation in order that counsel may be eligible for reimbursement of expenses from the District Court Fund pursuant to LR83.40, counsel may petition the court to be court-appointed counsel. Any such petition shall indicate that if the court grants the petition, any existing fee agreements between the party and counsel shall no longer be enforceable and any subsequent fee agreements between the party and counsel may only be made in accordance with the provisions of LR83.41. In ruling on the petition, the judge shall grant it only if the judge would have granted an application filed under this rule had the party not been represented by counsel. Where the party is represented by more than one counsel, any order of appointment under this section shall preclude prospective operation of fee agreements with all such counsel but shall appoint only those counsel wishing to be appointed.

7.    Local Rule 83.41, entitled "Attorney's Fees," further provides as follows:

(a)      PARTY'S ABILITY TO PAY.  Where as part of the process of appointing counsel the judge finds that the party is able to pay for legal services in whole or in part but that appointment is justified, the judge shall include in the order of appointment provisions for any fee arrangement between the party and the appointed counsel.

If appointed counsel discovers after appointment that the party is able to pay for legal services in whole or in part, counsel shall bring that information to the attention of the judge. Thereupon the judge may either (1) authorize the party and counsel to enter into a fee agreement subject to the judge's approval, or (2) relieve counsel from the responsibilities of the order of appointment and either permit the party to retain an attorney or to proceed *pro se.*

(b)      FEE AGREEMENTS.  If appointed counsel wishes to negotiate a fee arrangement with the client, counsel must do so at the outset of the representation. Any such fee arrangement is subject to all applicable rules and canons of professional conduct. Any fee agreement that appointed counsel and the client may reach must be submitted to the court for review and approval before the agreement becomes effective, and is subject to revision by the court.

(c)      ALLOWANCE OF FEES.  Upon appropriate application by appointed counsel, the judge may award attorney's fees to appointed counsel for services rendered in the action as authorized by applicable statute, regulation, rule, or other provision of law, including case law.

8.      Undersigned counsel, Defendant, and his family agree that, should the Court grant this petition, any previous fee arrangement will be void and no longer enforceable.  In addition, all subsequent arrangements will be made in accordance with the provisions of Local Rule 83.41.

9.      Counsel further request that, due to the nature and complexity of the case, that the Court appoint two attorneys to represent Defendant as this case is most certainly a case that can be said to be "extremely difficult."   *See* Plan of the United States District Court for the Northern District of Illinois Pursuant to the Criminal Justice Act of 1964, § III.D ("More than one attorney may be appointed in any case determined by the Court to be extremely difficult.")

10.      Assistant United States Attorney Barry Jonas has indicated on behalf of the

government that counsel can represent to the Court that the government does not object to counsel requesting appointment of two attorneys to represent Defendant.

12.     For the above-stated reasons, counsel respectfully requests that this Court grant this petition and appoint undersigned counsel Thomas Anthony Durkin and/or Joshua G. Herman and/or Janis D. Roberts to represent Defendant. All three attorneys are panel members in good standing of the Federal Defender Program, Inc. and the Trial Bar of this Court. While all three attorneys will continue to work on the case, counsel represent that they will only seek reimbursement for the time of only two lawyers.

Respectfully submitted,

/s/Thomas Anthony Durkin
**THOMAS ANTHONY DURKIN,**

/s/Janis D. Roberts
**JANIS D. ROBERTS,**

/s/Joshua G. Herman
**JOSHUA G. HERMAN,**
Attorneys for Defendant Adel Daoud.

**DURKIN & ROBERTS**
2446 North Clark
Chicago, Illinois 60614
(312) 913-9300

## <u>CERTIFICATE OF SERVICE</u>

  Joshua G. Herman, Attorney at Law, hereby certifies that the foregoing Defendant's Unopposed Petition for Court Appointed Counsel, was served on March 5, 2013, in accordance with Fed.R.Crim.P.49, Fed.R.Civ.P.5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

         /s/ Joshua G. Herman
         **JOSHUA G. HERMAN,**
         Attorney at Law.

**DURKIN & ROBERTS**
2446 N. Clark Street
Chicago, IL 60614
(312) 913-9300