**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12 CR 723 |
| | ) | Judge Sharon Johnson Coleman |
| ADEL DAOUD, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION FOR DISCLOSURE OF FISA-RELATED MATERIAL
AND TO SUPPRESS THE FRUITS OR DERIVATIVES OF ELECTRONIC
SURVEILLANCE AND ANY OTHER MEANS OF COLLECTION CONDUCTED
PURSUANT TO FISA OR OTHER FOREIGN INTELLIGENCE GATHERING**

Defendant, **ADEL DAOUD**, by and through his attorneys, **THOMAS ANTHONY DURKIN, JANIS D. ROBERTS,** and **JOSHUA G. HERMAN,** pursuant to the Free Exercise, Free Speech, Search and Seizure, and Due Process clauses of the First, Fourth, and Fifth Amendments to the Constitution of the United States, as well as the relevant provisions of the Foreign Intelligence Surveillance Act ("FISA"), specifically 50 U.S.C. §1806(f) and (g), hereby moves for disclosure of FISA-related materials, and to suppress any fruits or derivatives of electronic surveillance and any other means of collection conducted pursuant to FISA or any other foreign intelligence gathering or any intelligence agencies of the United States.

In support of this motion, Defendant, through counsel, shows to the Court the following:

1. On September 18, 2012, the government filed its "Notice of Intent to Use Foreign Intelligence Surveillance Act Information" ("FISA Notice") (Dkt. #9).

2. On May 22, 2013, counsel for Defendant moved for notice of disclosure of FISA Amendments Act ("FAA")evidence pursuant to 50 U.S.C. §§ 1881e(a) and 1806(c). Counsel specifically requested notice of: (1) whether the electronic surveillance described in its FISA

Notice was conducted pursuant to the pre-2008 provisions of the FISA or, instead, the FAA; and, (2) whether the affidavit and other evidence offered in support of any FISA order relied on information obtained or derived from an FAA surveillance order. (Dkt. # 42). That motion is presently pending.[1]

3. In addition to the relief requested in Defendant's FAA motion, Defendant now moves to suppress the fruits of any FISA surveillance and for disclosure of FISA-related materials that may be necessary to litigate motions for discovery and a suppression motion.

4. As set forth in the accompanying Memorandum of Law filed herewith, there are numerous grounds for suppression of the fruits or derivatives of FISA surveillance of Defendant. Most notably, there is no indication that the prerequisites for a FISA warrant were present in this case. To the contrary, and based on a review of the voluminous discovery produced thusfar by the government, the government's investigation was ostensibly triggered by Defendant's online activity on popular websites—such as Yahoo, Google, and YouTube—visited by millions of Americans daily. That online activity included the expression of viewpoints, discussions with other online users in public and private chats, and posting and commenting on videos and other materials. Significantly, discovery produced by the government also includes Defendant's online activity even before he reached the age of eighteen. To the extent that the FISA investigation was based on Defendant's protected First Amendment activity, counsel submit it was improperly authorized under FISA, and any evidence gathered from it should be suppressed. *See* § 1805(a)(2)(A) (providing that "no United States person may be considered a foreign power solely upon the basis of activities protected by the first amendment.")

---

[1] Late in the day on August 8, 2013, the government filed a pleading entitled, "Government's Sur-Reply to Defendant's Motion for Notice of FISA Amendments Act Evidence Pursuant to §§ 1881(e)(a) and 1806(c)." (Dkt. #49.) To say that this pleading is contorted and obfuscating would be putting it mildly. It will necessarily require a responsive pleading.

5. Additional grounds for suppression, which are discussed in greater detail in the accompanying Memorandum of Law, are as follows:

    a) the FISA applications for electronic surveillance of Defendant's e-mail accounts may fail to establish probable cause that Defendant, a high school student from suburban Chicago and United States citizen was "an agent of a foreign power;"

    b) those FISA applications may contain intentional or reckless material falsehoods or omissions, and therefore may violate the Fourth Amendment principles identified in *Franks v. Delaware*, 438 U.S. 154 (1978);

    c) the primary purpose of the electronic surveillance was to obtain evidence of domestic criminal activity and not foreign intelligence information—or, conversely, capturing foreign intelligence information was not a "significant" purpose of the FISA surveillance;

    d) the FISA surveillance may have been based impermissibly on activity protected by the First Amendment;

    e) the government may not have made the required certifications in the FISA applications, or may have failed to obtain necessary extensions of prior FISA orders, or continued the FISA surveillance after any basis for such initial surveillance was no longer valid;

    f) the government may not have established or abided by the appropriate minimization procedures required by FISA; and

    g) the government may have violated other provisions of FISA and/or the First and/or Fourth Amendments in manners unknown to Defendant.

6. Thus, simply based on the discovery tendered by the government, counsel submit they have a sufficient grounds to move for the suppression of any and all fruits or derivatives of electronic surveillance collected pursuant to FISA or the FAA. Even absent the utilization of FAA surveillance—which, based on Senator Diane Feinstein's public comments was used in this case—this case appears to present a question of first impression regarding the now widely publicized unlawful government electronic surveillance of an American citizen's domestic

communications.[2]

    7.      However, for Defendant have an opportunity to present these arguments as completely as possible so that the Court may make a fully informed decision, the Court should also order the disclosure of FISA-related material necessary for the litigation of this Motion— particularly the FISA applications and warrants. This material should set forth the basic information that Defendant requires in order to make his suppression motion as well as potential discovery motions, including for *Brady* material. It is also the type of information that Defendant would be routinely entitled to in any other criminal case that does not involve the national security concerns that FISA statutorily triggers.

    8.      Accordingly, counsel specifically request that the Court:

        a)    review all applications for electronic surveillance of the defendant conducted pursuant to FISA;

        b)    order the disclosure of the applications for the FISA warrants to Defendant's counsel pursuant to an appropriate protective order;

        c)    conduct an evidentiary hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978); and,

        d)    as a result, suppress all FISA intercepts and seizures, and fruits thereof, derived from illegally authorized or implemented FISA electronic surveillance.

    9.      Finally, the Court should also consider the constitutionality of FISA, both facially and as applied in this case under the First and Fourth Amendments, given that purpose of the FISA surveillance here does not appear to have any connection, much less a "significant

---

[2] *See*, *e.g.*, James Bamford, *They Know Much More Than You Think*, Aug. 8, 2013, N.Y. REV. OF BOOKS, Shiffman, John; Kristina Cooke, Exclusive: U.S. directs agents to cover up program used to investigate Americans, Aug. 5, 2013, Reuters (*available at* http://www.reuters.com/article/2013/08/05/us-dea-sod-idUSBRE97409R20130805); Charlie Savage, *N.S.A Said to Search Content of Messages to and From U.S.*, Aug. 8, 2013, N.Y. Times, (*available at* http://www.nytimes.com/2013/08/08/us/broader-sifting-of-data-abroad-is-seen-by-nsa.html?hp&_r=0&pagewanted=all); Glen Grenwald and James Ball, *The Top Secret Rules that Allow NSA to use US data without a warrant*, June 20, 2013, THE GUARDIAN (*available at* http://www.theguardian.com/world/2013/jun/20/fisa-court-nsa-without-warrant).

purpose" for foreign intelligence of a foreign power or agent of a foreign power.[3] This is particularly significant given the numerous recent disclosures regarding the vast surveillance of domestic communications involving American citizens, which, by all appearances, is precisely what occurred here. To the extent that the Court finds FISA unconstitutional, either facially or as applied, any and all fruits of FISA surveillance should be suppressed.

                                           Respectfully submitted,

                                           /s/ Thomas Anthony Durkin
                                           **THOMAS ANTHONY DURKIN,**

                                           /s/ Janis D. Roberts
                                           **JANIS D. ROBERTS**,

                                           /s/ Joshua G. Herman
                                           **JOSHUA G. HERMAN**,
                                           Attorneys for Defendant Adel Daoud.

**DURKIN & ROBERTS**
2446 N. Clark Street
Chicago, Illinois 60614
(312) 913-9300
tdurkin@durkinroberts.com
jdroberts@durkinroberts.com
jherman@durkinroberts.com

---

[3] Counsel reserve the right to raise any constitutional challenges to the FAA.

## **CERTIFICATE OF SERVICE**

      Thomas Anthony Durkin, Attorney at Law, hereby certifies that Defendant's Motion for Disclosure of FISA-Related Material and to Suppress the Fruits or Derivatives of Electronic Surveillance and Any Other Means of Collection Conducted Pursuant to FISA or Other Foreign Intelligence Gathering was served on August 9, 2013, in accordance with Fed.R.Crim.P.49, Fed.R.Civ.P.5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

                                                      /s/ Thomas Anthony Durkin
                                                      **THOMAS ANTHONY DURKIN**
                                                      2446 N. Clark Street
                                                      Chicago, IL 60614
                                                      (312) 913-9300
                                                      tdurkin@durkinroberts.com