**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 12 CR 723 |
| ) | Judge Sharon Johnson Coleman |
| ADEL DAOUD, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MOTION FOR
PRODUCTION OF 404(B) MATERIAL**

Defendant, **ADEL DAOUD**, by and through his attorneys, **THOMAS ANTHONY DURKIN, JANIS D. ROBERTS** and **JOSHUA G. HERMAN,** pursuant to Rule 404(b) of the Federal Rules of Evidence, as well as the Due Process and Effective Assistance of Counsel provisions of the Fifth and Sixth Amendments to the Constitution of the United States, respectfully moves this Court to require the government to disclose all allegedly similar crimes, wrongs or acts allegedly committed by Defendant on which it intends to rely at trial to prove motive, scheme, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, at least forty-five (45) days prior to trial.

In support of this motion, Defendant, through counsel, shows to the Court the following:

1. Defendant requests that this Court enter an order requiring the government to disclose immediately the following particulars of any "other crimes" evidence:

   a. The dates, times, places and persons involved in said crimes, wrongs, or acts;

   b. A detailed description of said crimes, wrongs or acts;

   c. The statements of each participant in said other crimes, wrongs, or acts;

   d. The documents which contain evidence of said other crimes, wrongs or acts,

        including a statement describing when the documents were prepared, by whom the documents were prepared, and who has had possession of the documents since the alleged commission of the crimes, wrongs or acts; and,

    e.    A statement of the issue or issues to which the government believes such other crimes, wrongs, or acts evidence may be relevant under the Fed. R. Evid. 404(b).

    2.    This request, it must be noted, includes evidence that the government intends to use in any fashion whatsoever, including, but not limited to, use in cross-examination, rebuttal and its case-in-chief.

    3.    Rule 404(b) requires reasonable notice in advance of trial of the general nature of any such evidence the government intends to introduce at trial. The purpose of the pre-trial notice requirement of rule 404(b) is "to reduce surprise and promote early resolution on the issue of admissibility." Fed. R. Evid. 404(b) (Notes of Senate Committee on the Judiciary on the 1991 Amendment). While Rule 404(b) provides neither a specific time of notice nor a specific form of notice, the advisory committee notes to the 1991 amendment make clear that the time and form of disclosure depend largely on the circumstances of the particular case. *See also, United States v. Blount*, 502 F.3d 674 (7th Cir. 2007) (citing Fed. R. Evid. 404(b) advisory committee's note (1991); *United States v. Carrasco*, 381 F.3d 1237, 1241 (11th Cir. 2004) (*per curiam*); *United States v. Vega*, 188 F.3d 1150, 1152-55 (9th Cir. 1999). Without notice, 404(b) evidence is inadmissible. *Blount*, 502 F.3d at 677.

    4.    In correspondence to counsel dated October 17, 2012, counsel for the government has represented that it will notify counsel "of evidence it intends to offer pursuant to Federal Rule of Evidence 404(b)" "two weeks prior to trial." However, counsel submit the circumstances of this case—particularly the voluminous electronic discovery materials

containing numerous statements and writings attributed to Defendant—require production of this material least forty-five (45) days prior to trial.

     5.     Furthermore, counsel requests pretrial production of material that is admissible under Rule 608(b) to the extent the evidence constitutes "other act" evidence within the meaning of Rule 404(b) and the 1991 Advisory Committee Notes to that Rule, or evidence subject to disclosure under Rule 16. Indeed, in *United States v. MacMahon*, 2012 U.S. Dist. LEXIS 84258, *3-4 (N.D. Ill. June 15, 2012), Judge Kennelly observed that while a defendant is generally not entitled to production of material to be used for impeachment under Rule 608(b), "to the extent that evidence that may be used to impeach under Rule 608(b) also constitutes 'other act' evidence within the meaning of Rule 404(b) and the 1991 Advisory Committee Notes to that Rule, or evidence subject to disclosure under Rule 16, the fact that it might also be admissible under Rule 608(b) does not excuse the government from pretrial disclosure pursuant to the previous paragraph of this order."

     6.     Counsel request, therefore, that he be provided with notice of the government's intent to rely on 404(b) material at least forty-five (45) days in advance of trial.

Respectfully submitted,


/s/ Thomas Anthony Durkin
**THOMAS ANTHONY DURKIN,**


/s/ Janis D. Roberts
**JANIS D. ROBERTS,**


/s/ Joshua G. Herman
**JOSHUA G. HERMAN**,
Attorneys for Defendant Adel Daoud.


**DURKIN & ROBERTS**
2446 N. Clark Street
Chicago, Illinois 60614
(312) 913-9300
tdurkin@durkinroberts.com
jdroberts@durkinroberts.com
jherman@durkinroberts.com

## CERTIFICATE OF SERVICE

       Thomas Anthony Durkin, Attorney at Law, hereby certifies that Defendant's Motion For Production of 404(b) Material was served on August 9, 2013, in accordance with Fed.R.Crim.P.49, Fed.R.Civ.P.5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

       /s/ Thomas Anthony Durkin
**THOMAS ANTHONY DURKIN**
2446 N. Clark Street
Chicago, IL 60614
(312) 913-9300
tdurkin@durkinroberts.com