**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12 CR 723 |
| | ) | Judge Sharon Johnson Coleman |
| ADEL DAOUD, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO REASSIGN
CASE NO. 13-CR-703 AS RELATED TO THIS CASE**

Defendant, **ADEL DAOUD**, by and through his attorneys, **THOMAS ANTHONY DURKIN, JANIS D. ROBERTS,** and **JOSHUA G. HERMAN**, pursuant to the Due Process and Effective Assistance of Counsel clauses of the Fifth and Sixth Amendments to the Constitution of the United States, Local Criminal Rule 50.1, Local Rule 40.4, and Rule 8 of the Federal Rules of Criminal Procedure, respectfully requests that this Court issue an order reassigning Case No. 13-cr-703, presently pending before Judge Robert W. Gettleman, to this Court as related to this case which is presently pending before this Court.

In support of this motion, Defendant, through counsel, shows to the Court the following:

1. On September 20, 2012, Defendant was indicted in Case No. 12-cr-723, which was assigned to this Court. The indictment charges Defendant with attempting to use a weapon of mass destruction in violation of 18 U.S.C. § 2332a(a)(2)(D) (Count One) and attempting to destroy a building used in an activity affecting interstate commerce in violation of 18 U.S.C. § 844(i) (Count Two). A copy of this indictment is attached hereto as Exhibit A. These charges arise out of an FBI undercover domestic terrorism sting operation, and allege that Defendant attempted to detonate a *faux* car bomb outside of a bar in downtown Chicago. An FBI

undercover agent, identified in the criminal complaint as the "UCE," provided this *faux* car bomb to Defendant after posing as an operational terrorist and meeting with Defendant on multiple occasions from July 17, 2012 through September 14, 2012. Substantial pre-trial motion practice has given this Court considerable understanding of the facts of the case.

2.      Defendant was ordered detained and has remained in custody since the date of his arrest, September 14, 2012, to present.

3.      On August 29, 2013, Defendant was indicted in Case No. 13-cr-703, in which he is charged with solicitation of murder in violation of 18 U.S.C. § 373(a) (Count One); murder for hire in violation of 18 U.S.C. § 1958(a) (Count Two); and witness tampering in violation of 18 U.S.C. § 1512(a)(1)(A). A copy of this indictment is attached hereto as Exhibit B. These charges arise from the government's use of a Chicago street gang "jailhouse informant" while Defendant was housed at Kankakee County Jail detained on the very charges that are before this Court. The new charges allege a quite convoluted murder-for-hire scheme of the very undercover FBI agent (UCE) used in the purported bomb plot alleged in this case. Suffice it to say for now, the murder-for-hire scheme requires a fertile and creative mind to comprehend, among other things, how this indigent Defendant was going pay for the hit in the first place.

4.      Notwithstanding the common links between the allegations, the government chose to seek a separate indictment for the hit scheme rather than to return a superseding indictment in this case with the hit scheme being charged in a separate count—as would have readily been permitted under Rule 8.[1] Instead, the second case was assigned to Judge Gettleman.

---

[1] Rule 8(a) reads as follows: "The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged…are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan."

5.      As a matter of fundamental and procedural Due Process, as well as the Sixth Amendment right to the Effective Assistance of Counsel, it is submitted that Case No. 13-cr-703 must be reassigned to this Court as related to Case No. 12-cr-723.  This is so for a number of reasons both  procedural, factual, and—most importantly—constitutional.

6.      First and foremost, since the date of the return of the second case, both this Court and Judge Gettleman had been informed that it was the intention of both parties—the government and the defense—to have the second case brought to this Court as related.  The only reason a motion regarding the same had not been filed is that the parties had been discussing whether or not Defendant would consent, as counsel had suggested, to a trial of both allegations at the same time.  This, of course, required considerable investigation of the discovery tendered to the defense on undersigned counsel's part.

7.      That investigation has now been completed and it is undersigned counsel's express tactical decision—with the consent of the Defendant—to try both cases together.  This is so for two very simple reasons.  It will do Mr. Daoud little good to be forced to try the first case with the added Rule 404(b) evidence from the second case—a very likely reality, as discussed in more detail below—only to have the second case hanging over his head so that the government can have two bites at the same apple.  Second, and more importantly, one of two things will necessarily come out if both cases are tried together.  That is, either this teenage Defendant is completely crazy and the dangerous terrorist the government seeks to make of him; or, he is incredibly naïve and susceptible to government suggestion and set up.  Counsel are confident that the latter will be proven at trial, and that the very use of the particularly abhorrent gang-banger jailhouse informant under the circumstances of this case will demonstrate the lengths the

government has gone to bootstrap its inherently weak terrorism charges in the first case. Put another way, the second case essentially proves the defense of the first case.

8.      It is respectfully submitted, therefore, that this fundamental tactical decision must be honored as a matter of right under both the Due Process and Effective Assistance of Counsel Clauses. For this Court, Judge Gettleman,[2] or both judges in consultation with each other, to effectively substitute their judgment as to this important tactical decision on mere procedural grounds would effectively deny Defendant both rights and extremely prejudice him.

9.      Furthermore, as a matter of simple procedure, L.Cr.R. 50.1 provides that "[t]wo or more criminal cases may be related if all of the defendants named in each of the cases are the same and none of the cases includes defendants not named in any of the other cases." L.Cr.R. 50.1 also incorporates the local civil rules for reassignment, as it provides that the criteria set forth in LR 40.4(b) must be satisfied, and that the procedures from LR 40.4(c) and (d) must be followed. The requirements of all these rules are easily satisfied here. Obviously, Defendant is the only defendant in each of the cases, thus satisfying the threshold criteria of L.Cr.R. 50.1.

10.     The other factors for reassignment under LR 40.4(b) are also easily met.[3] LR 40.4(b) provides that a case may be reassigned to the calendar of another judge if the case is related to an earlier-numbered case that is assigned to that judge and:

---

[2] When this issue was raised before Judge Gettleman at the last status on November 12, 2013, Judge Gettleman suggested that counsel "may want to rethink that, frankly, given the nature of these charges, because you may not want to try them at the same time. But that's a tactical decision you can make." (Exhibit C, TR. p. 6, ll. 3-11) Needless to say, the only way this tactical decision can be accomplished is if the cases are tried before the same judge, at the same time.

[3] As the Local Rules instruct, the test for relatedness is not merely whether the cases involve "separate acts," which is what Judge Gettleman explained to counsel as the basis for finding the two cases to be unrelated during a November 12, 2013, status hearing. (Exhibit C., TR., p. 2, ll. 22-24).

(1) both cases are pending in this Court;

(2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort;

(3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and

(4) the cases are susceptible of disposition in a single proceeding.

11.     As to the first LR 40.4(b) factor, it is clear that the cases are both pending in the Northern District of Illinois.

12.     With respect to the second LR 40.4(b) factor, the handling of both cases by this Court would most certainly result in substantial saving of judicial time and effort.  Both cases present many common questions, issues, and themes, both from the prosecution side and the defense side.  Moreover, the cases are inextricably intertwined, in that in order to prove the witness tampering, the government will most certainly seek to introduce facts and issues regarding the underlying case.  As proof of that fact, one only need to refer to the very first paragraph of the indictment in the 13-cr-703 case, which essentially describes the underlying case against Defendant and his relationship to the UCE, who is called "Individual A":

a.    Individual A was a Special Agent of the Federal Bureau of Investigation.

b.    The FBI was a part of the United States Department of Justice, which, in turn, was a department within the Executive Branch of the United States Government.

c.    In or around July 2012, defendant ADEL DAOUD was introduced to Individual A, who was working in an undercover capacity and posing as a terrorist residing in New York.

d.    Between on or about July 17, 2012, and on or about September 14, 2012, defendant ADEL DAOUD selected, researched, and surveilled a

5

target for a terrorist attack to be conducted in Chicago, Illinois, with an explosive device to be supplied by Individual A.

e.  On or about September 14, 2012, defendant ADEL DAOUD attempted to detonate a purported explosive device outside of a bar in downtown Chicago. After doing so, defendant DAOUD was arrested by FBI agents and charged with terrorism-related offenses in *United States v. Adel Daoud*, 12 CR 723, in the United States District Court for the Northern District of Illinois.

f.  Following his arrest, defendant ADEL DAOUD learned that Individual A was an agent of the FBI.

(Exhibit B, ¶ 1). In addition to satisfying LR 40.4(b), these common allegations go even farther and illustrate the substantial "evidentiary overlap" found sufficient for joinder pursuant to Rule 8(a).[4] *See United States v. Raineri*, 670 F.2d 702, 708-709 (7th Cir. 1982) (finding joinder appropriate when there was "evidentiary overlap" between Travel Act, perjury, and witness threatening charges and observing that "[p]roof of the Travel Act counts tended to show motive for the charged perjury and threat, and proof of the perjury and threat tended to show defendant's awareness of guilt of the Travel Act counts.") Indeed, the Seventh Circuit has observed that the case for joinder is "especially compelling" when different counts require a "commonality of proof," as they do here. *United States v. Alvarez*, 860 F.2d 801, 824 (7th Cir. 1988).

13.  In light of this evidentiary overlap, it would waste judicial resources, as well as the efforts of appointed counsel and the government to have to present these core, underlying facts in two separate trials, particularly insofar as these facts involve extraordinarily complicated factual and legal issues. *See United States v. Coleman*, 22 F.3d 126, 132 (7th Cir. 1994) ("Judicial economy and convenience are the chief virtues of joint trials—i.e. joinder often avoids

---

[4] The overlapping factual issues also establish the "points of commonality" that L.R. 40.4(a) and (c)(1) require to be shown.

6

expensive and duplicative multiple trials"); *United States v. Davis*, 724 F.3d 949, 955 (7th Cir.

2013) (stating that joinder rule is interpreted "broadly to enhance judicial efficiency.");

*Helferich Patent Licensing, L.L.C. v. N.Y. Times Co*., 2012 U.S. Dist. LEXIS 56151, *8-9 (N.D.

Ill. Apr. 19, 2012) (Darrah, J.) (finding patent case related under LR 40.4 and observing that "[i]t

would be a waste of limited judicial resources to require two judges to expend the time and effort

necessary to understand the technical and factual issues involved in both cases when it could

simply be handled by one judge."). Reassignment of the new case to this Court would clearly

result in substantial saving of judicial time and effort.

14.    As to the third LR 40.4(b) factor, the first case has not progressed to the point

where designating the second case as related would itself be likely to cause a delay. Trial in this

matter was continued to April 7, 2014. The parties are still involved in motion practice

regarding significant constitutional and statutory issues regarding the FISA/FAA surveillance of

Defendant. In contrast, the second case is relatively straightforward and should not add

unnecessary delay to the disposition of the first case. Counsel understands that discovery from

the second case is substantially complete already. Moreover, should reassignment itself result in

any delay, it would be a delay to which Defendant would consent.

15.    And as to the fourth and final LR 40.4(b) factor, the cases are susceptible of

disposition in a single proceeding due in large part to the overlap of factual and legal issues. For

the purposes of LR 40.4, courts have held that only some of the same issues of fact and law need

to be in common to establish relatedness. *See Global Patent Holdings, LLC v. Green Bay

Packers, Inc*., 2008 U.S. Dist. LEXIS 33296, *9 (N.D. Ill. Apr. 23, 2008) (Kocoras, J.). Here, as

if any further proof of the overlap of the factual and legal issues were needed, the prosecutors

have informed counsel that if the cases remain separate, they nevertheless intend to introduce

evidence of the second case under Rule 404(b) to demonstrate Defendant's predisposition or lack of mistake or ignorance to commit the first offense. Indeed, had the prosecutors decided to charge the hit scheme in a superseding indictment in the first instance, it is doubtful that Defendant would be able to establish the prejudice necessary to obtain severance under Rule 14, due to the very fact that evidence from the second case would most likely be deemed admissible in the first case. *See*, *e.g.*, *United States v. Handlin*, 366 F.3d 584, 591 (7th Cir. 2004) (internal quotation omitted) ("it is clear that prejudice requiring severance is not shown if evidence on the severed counts would be admissible in the trial of the remaining counts"); *see also United States v. Rollins*, 301 F.3d 511, 518 (7th Cir. 2002) (finding no prejudice in joinder of charges when evidence from joined offenses would have "been admissible at trial as 'other crimes' evidence" under Rule 404(b)).[5] This evidentiary issue and the factual relatedness of the two cases will create the substantial procedural due process issue that will result if the cases are not joined.

---

[5] The very nature of the new charges and their interrelatedness with the initial charges further underscores why the cases could be joined in a single proceeding. Charges alleging the intimidation of witnesses are appropriately joined with the underlying charges because they may evidence a defendant's "consciousness of guilt" and are viewed as part of an overall scheme or plan. *See*, *e.g.*, *Raineri*, *supra*; *United States v. Balzano*, 916 F.2d 1273, 1281 (7th Cir. 1990) (finding no error in joinder of witness intimidation counts and observing how "[c]ourts have held that evidence of a defendant's attempts at intimidation of a witness or of a person cooperating with a government investigation is admissible to demonstrate a defendant's 'consciousness of guilt' of the charges which were the subject of the witness' testimony or cooperation."); *United States v. Davis*, 724 F.3d 949, 955-956 (7th Cir. 2013) (finding joinder of witness intimidation counts through a superseding complaint to be proper as a "scheme or plan" because "the government alleged that [the defendant] committed four crimes, then engaged in two additional crimes to try and hide his initial crimes.").

Respectfully submitted,


/s/Thomas Anthony Durkin
**THOMAS ANTHONY DURKIN,**


/s/Janis D. Roberts
**JANIS D. ROBERTS**,


/s/Joshua G. Herman
**JOSHUA G. HERMAN,**
Attorneys for Defendant Adel Daoud.


**DURKIN & ROBERTS**
2446 North Clark St.
Chicago, Illinois 60614
(312) 913-9300
tdurkin@durkinroberts.com
jherman@durkinroberts.com
jdroberts@durkinroberts.com

9

**<u>CERTIFICATE OF SERVICE</u>**

Thomas Anthony Durkin, Attorney at Law, hereby certifies that Defendant's Motion to Reassign Case No. 13-cr-703 as Related to This Case was served on December 8, 2013, in accordance with Fed.R.Crim.P.49, Fed.R.Civ.P.5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

/s/ Thomas Anthony Durkin
**THOMAS ANTHONY DURKIN**
2446 N. Clark Street
Chicago, IL 60614
(312) 913-9300
tdurkin@durkinroberts.com
