UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 12-cr-723 |
| ADEL DAOUD, | ) ) | |
| Defendant. | ) ) | Judge Sharon Johnson Coleman |

## ORDER

Four motions are before the Court for consideration. The Court either ruled or indicated that it would be ruling on the following motions at the status hearing on March 18, 2015. Defendant's Motion for Discovery Regarding the Surveillance pursuant to Executive Order 12333 [126], is denied. Defendant's Motion for an Evidentiary Hearing pursuant to *Franks v. Delaware* [124], is denied. Government's Motion for a Protective Order Pertaining to the Testimony of the Undercover Employee at Trial [123], is granted in part and denied in part. Defendant's Motion for Protected Disclosure to Cleared Counsel of the Identity of the FBI UCE, for Production of Essential Background Information, and for the Opportunity to Observe the UCE and Conduct a Pre-trial Interview [145], is denied.

### Statement

1. Defendant's Motion for Discovery Regarding the Surveillance pursuant to Executive Order 12333 [126]:

Executive Order 12333 authorizes the "Intelligence Community" to "conduct intelligence activities necessary for the conduct of foreign relations and the protection of the national security of the

United States" through "[c]ollection of information concerning… international terrorist organizations… and other hostile activities direct against the United States by foreign powers." (Quote taken as excerpted in defendant's brief). Defendant's motion is based on "recent disclosures" and a whistleblower piece in the Washington Post. There is no indication however that either source refers to this case. This Court cannot speculate that because this EO appears to have very sweeping powers, including collecting information from U.S. citizens, that information was gathered in this case pursuant to that Executive Order. The motion is therefore respectfully denied.

2. Defendant's Motion for an Evidentiary Hearing Pursuant to *Franks v. Delaware* [124]: Defendant's renewed request for a *Franks* hearing is based on defense counsel's "serious questions concerning what counsel presume were the serial misrepresentations or omissions in the application made to the FISC in order to obtain the warrant(s) pursuant to the Foreign Intelligence Surveillance Act (FISA)." Defendant asserts that the Seventh Circuit left the *Franks* issue open. Defendant asserts that, based on what he has been able to discover in this case, that US and Polish intelligence agencies must be engaged in a "parallel construction" (re-creation of investigations in order to conceal the existence of earlier illegal surveillance).

While the Court is not unsympathetic to defense counsel's frustration, counsel's arguments are not new, the Seventh Circuit stated rather explicitly in its Public Opinion that probable cause existed for the FISA warrants. Indeed, the majority opinion states "our study of the materials convinces us that the investigation did not violate FISA… therefore a remand to the district court is neither necessary nor appropriate." *United States v. Daoud,* 755 F.3d 479, 485 (7th Cir. 2014). This Court has closely scrutinized all of the material submitted, including all the classified material, and finds that probable cause existed for the FISA warrants. Thus, the Court is not inclined to contradict the Seventh Circuit's mandate on this issue. Defendant's motion is denied.

3. Government's Motion for a Protective Order Pertaining to the Testimony of the Undercover Employee at Trial [123] and Defendant's Motion for Protected Disclosure to Cleared Counsel of the Identity of the FBI UCE, for Production of Essential Background Information, and for the Opportunity to Observe the UCE and Conduct a Pre-trial Interview [145] are interrelated.

Despite the lack of any indication of the government's failure to comply, this Court has admonished the government several times of their ongoing duty under *Brady* and *Giglio* to turn over unclassified material evidence that is favorable to the defendant. Defendant has identified no compelling reason why it is necessary to disclose the true identity of the UCE to the jury or to defense counsel. Defendant has dozens of recorded conversations, emails, text messages between the UCE and defendant Daoud. The government has provided the training record and curriculum vitae for the UCE (with identifying information redacted) – in other words, defense counsel has ample information to conduct a meaningful cross-examination. This Court therefore grants the Government's motion [123] as set forth on the record and denies defendant's motion [145].

IT IS SO ORDERED.

Date: March 19, 2015

Entered: _____
SHARON JOHNSON COLEMAN
United States District Court