UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 12 CR 723, 13 CR 703 |
| v. | ) | |
| | ) | Hon. Sharon Johnson Coleman |
| ADEL DAOUD | ) | |

**GOVERNMENT'S PROPOSED VOIR DIRE QUESTIONS**

The UNITED STATES OF AMERICA, by and through its attorney, JOHN R. LAUSCH, JR., United States Attorney for the Northern District of Illinois, respectfully requests that in addition to the Court's voir dire questions, the Court inquire of the venire about the following:

1. Have you ever been arrested or charged for any offense? If yes, please indicate: (a) the nature of the offense for which you were arrested or charged; and (b) the disposition of the charge.

2. Have you ever been convicted of a criminal offense other than a traffic offense? If yes, please indicate: (a) the nature of the offense; and (b) the disposition of the charge (*i.e.*, imprisonment, probation, fine, etc.).

3. Has a member of your family, or close friend ever been arrested, charged or convicted of a criminal offense other than a traffic offense? If yes, please indicate: (a) the individual's relationship to you; (b) the nature of the offense; and (c) the disposition of the charge (*i.e.*, imprisonment, probation, fine, etc.)

4. Have you ever been questioned as part of a criminal investigation by any federal, state or local law enforcement agency?

5. If have you answered yes to questions 1, 2, 3, or 4, please state whether this experience left you with a negative, positive, or neutral impression of judges, the judicial system, prosecutors, defense attorneys, and law enforcement officers.

6. Have you, a member of your family, or close friend ever been a victim of a crime? If so, tell us when and describe the kind of case or cases involved.

7. Do you have a family member or close friend who is a lawyer specializing in criminal law, either as a prosecutor or defense attorney?

8. Have you, a member of your family, or a close friend ever been a federal, state, or local law enforcement officer or agent?

9. Would you credit the testimony of a federal officer any more, or less, than any other witness, simply because that witness is in law enforcement?

10. Have you ever served on a jury before? If so, please indicate: (a) the nature of the case; and (b) without indicating the verdict, whether the jury was able to reach a verdict.

11. Have you ever served on a Grand Jury before? If so, please indicate when and in what jurisdiction.

12. Have you, a member of your family, or a close friend ever been a party to a lawsuit? If so, please indicate: (a) the type of matter involved; and (b) whether

there was anything about that experience that would make it difficult for you to be fair and impartial in this case.

13.    Have you, a member of your family, or a close friend ever been employed by the federal government? Do you have strong feelings about the federal government that will affect your ability to be fair and impartial to both sides in this case?

14.    Do you have any feelings or opinions about counterterrorism investigations that would affect your ability to be a fair and impartial juror in this case?

15.    Some of the evidence in this case will include meetings that were secretly recorded by law enforcement. This is a lawful investigative technique. Do you have any views about the use of surreptitious recording devices that would make it difficult for you to be fair and impartial in this case?

16.    Some of the evidence in this case may be in Arabic. The law requires that a juror must consider and use only the English language translations received by the Court, even if you would translate it differently. Do you understand and accept that?

17.    This case involved the government's use of the following: (1) an undercover FBI agent; (2) a confidential source; and (3) FBI employees conducting covert online investigations. These are lawful investigative techniques. Do you have any views about the use of confidential sources or undercover federal agents or employees that would make it difficult for you to be fair and impartial in this case?

3

18. The defendant in this case is alleged by the government to have subscribed to certain purported Islamic beliefs as part of his motivation for committing the charged acts. Do you have any views about the Islamic faith that would make it difficult for you to be fair and impartial in this case?

19. Do you hold any religious, philosophical, moral, or other beliefs that would make it difficult for you to sit in judgment of another person?

20. At various times during this case, the Court will instruct you about the applicable law. It is your obligation to follow the Court's instructions about the law, whether you agree with the law or not. If you were to find that you disagreed with the law as given to you by this Court, would you nonetheless be able to follow that law and reach a verdict by applying that law to the evidence?

21. It is my duty, as judge, to determine punishment if you find that the defendant is guilty beyond a reasonable doubt of one or more counts in the indictment. Would any of you be unable to decide this case without regard to potential punishment?

22. Have you read or heard anything about this case other than what you have heard here today? I will instruct you not to read, listen to, or watch any accounts of this case reported by television, radio, or other news media. Will you have any difficulty following that order?

23. Is there anything else you can think of that could affect your ability to be a fair and impartial juror in this case?

                        Respectfully submitted,

                        JOHN R. LAUSCH, JR.
                        United States Attorney

By:   /s/ *Bolling W. Haxall*
                        BOLLING W. HAXALL
                        TIFFANY ARDAM
                        BARRY JONAS
                        Assistant United States Attorneys
                        219 South Dearborn Street, 5th Floor
                        Chicago, Illinois 60604
                        (312) 353-5300

Dated: October 12, 2018