IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case Nos. 12 CR 723; 13 CR 703; |
| | ) | 15 CR 487 |
| | ) | Judge John Z. Lee |
| ADEL DAOUD, | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT MOTION TO WITHDRAW AS**
**COUNSEL FOR DEFENDANT**

Attorneys of record, **THOMAS ANTHONY DURKIN** and **JOSHUA G. HERMAN,** pursuant to Local Rule 83.17, and the Due Process and Effective Assistance of Counsel Clauses of the Fifth and Sixth Amendments to the Constitution of the United States, respectfully move for leave to withdraw as counsel of record for Defendant, **ADEL DAOUD**, on the grounds that irreconcilable differences now exist between counsel and Defendant.

In support of this joint motion, counsel show to the Court the following:

1. Mr. Daoud was charged by indictment in three separate cases: Case Nos. 12 CR 723, 13 CR 703, and 15 CR 487. Case Nos. 13 CR 703 and 15 CR 487 were initially assigned to different judges. The three cases were ultimately transferred for consolidated sentencing with Case No. 12 CR 723, which was originally assigned to Judge Sharon Johnson Coleman.

2. On November 26, 2018, Defendant pled guilty to all counts pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970).

3. Following a multi-day sentencing hearing, on May 6, 2019, Judge Coleman imposed a total term of 16 years' imprisonment and a total period of 45 years' Supervised Release. Judge Coleman entered final judgment in all cases on May 21, 2019.

4. The government filed a timely Notice of Appeal of the sentencing Judgment on June 19, 2019.

5. On November 17, 2020, the Seventh Circuit Panel entered its opinion and order vacating Judge Coleman's sentence, remanding the case for resentencing, and, *sua sponte*, applying Circuit Rule 36 for the remand.

6. On December 30, 2020, counsel filed Daoud's Petition for Rehearing *En Banc*. (Dkt. #58). Upon the Seventh Circuit's order, on January 25, 2021, the government filed its response to Daoud's Petition. (Dkt. #62). On March 5, 2021, the Seventh Circuit denied Daoud's Petition for Rehearing En Banc. (Dkt. #64). Judge Rovner, joined by Judge Wood and Judge Hamilton, dissented.

7. On March 29, 2021, the Executive Committee for the Northern District of Illinois, ordered that Case No. 12 CR 723 be reassigned by lot to a calendar of an active judge of the court, pursuant to the Panel's Circuit Rule 36 order. (Case No. 12 CR 723, Dkt. #369). That case was then reassigned to this Court. On April 1, 2021, Case Nos. 13 CR 703 and 15 CR 487 were also reassigned to this Court.

8. On May 14, 2021, the Court ordered that Defendant be transferred from USP Hazleton (West Virginia) to MCC Chicago. (Dkt. #77). Defendant is currently detained at MCC Chicago, pending re-sentencing.

9. On August 5, 2021, the Court indicated that it would hold an evidentiary hearing as part of the sentencing hearing, at a date to be scheduled in 2022. (Dkt. #84). An upcoming

status hearing is currently scheduled for November 17, 2021. As related to the Court at the status hearing, counsel were in the process of discussing Defendant's various options on how to proceed.

10. On October 1, 2021, undersigned counsel received from Defendant, via United States mail, an envelope containing two documents, entitled "Notice/Motion Requesting Evidentiary Hearing Pursuant to *Strickland v. Washington* 466 US 668 (1984)" and "Memorandum of Points and Authorities in Support." The documents indicated that Defendant had also sent them to the Court.

11. On October 5, 2021, these same documents were entered into the docket of Case No. 13 CR 703. (Dkt. ##86, 87). As is evident from the purported *pro se* filings, Defendant has made allegations against undersigned counsel that create obvious and irreconcilable differences that require counsel's immediate withdrawal from all three cases.

12. Accordingly, undersigned counsel believe they have no other alternative under the Rules of Professional Conduct but to seek leave to withdraw as Defendant's Attorneys of Record; and would so move.

13. Nothing in the filing of this motion to withdraw should be construed as an acknowledgement, affirmation, or acquiescence to the veracity of the allegations set forth in Defendant's pleadings.

14. Counsel would request that the Court schedule a hearing on this motion as soon as is practicable for the Court and parties.

Respectfully submitted,


/s/ Thomas Anthony Durkin
**THOMAS ANTHONY DURKIN,**


/s/ Joshua G. Herman
**JOSHUA G. HERMAN**

**DURKIN & ROBERTS**
515 W. Arlington Pl.
Chicago, IL 60614
(312) 913-9300
tdurkin@durkinroberts.com

**LAW OFFICE OF JOSHUA G. HERMAN**
53 W. Jackson Blvd., Suite 404
Chicago, IL 60404
(312) 909-0434
Email: jherman@joshhermanlaw.com

## CERTIFICATE OF SERVICE

      Thomas Anthony Durkin, Attorney at Law, hereby certifies that the foregoing was served on October 5, 2021 in accordance with Fed.R.Crim.P.49, Fed.R.Civ.P.5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

      /s/ Thomas Anthony Durkin
      **THOMAS ANTHONY DURKIN**

**DURKIN & ROBERTS**
515 W. Arlington Pl.
Chicago, IL 60614
(312) 913-9300
tdurkin@durkinroberts.com