SM

```
              UNITED STATES DISRICT COURT
              NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION
```

UNITED STATES OF AMERICA,  )   Judge John Z. Lee
              Plaintiff, ) Docket No 12-CR-723
                          )                     15-CR-487
     v.                     )                     13-CR-703
                          )   Appeal No. 19-2185
Adel Daoud,               )
              Defendant.  )   AD HOC

**FILED**

**JAN 1 2 2022**

MOTION FOR HEARING PURSUANT TO
BAIL REFORM ACT 18 U.S.C. Sec.'s 3141 et seq.

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

    Defendant will respectfully request a hearing pursuant to the Bail Reform Act where Defendant will show cause and rebut the presumption of detention. This case is presently under review in regards to the conflict of interest in terms of Counsels false pretense. Defendant will show through the Act where Bond in this case will prove beneficial for the Court and defendant. In support will state the following:

    The government will move for section 3142(e) where it provides that a person shall be detained pending trial. "that no condition or combination of conditions will reasonably assure the appearance of Defendant, or the safety of the community. Mr. Daoud would respectfully present notice to this Court that this section includes a rebuttable presumption that no condition or combination of conditions can assure the appearance of Defendant. Mr. Daoud will posit that these twin concerns of flight and safety may stay in the mix for the judge to consider with all of the evidence Daoud will present.

    This is a request for home incarceration, where Daoud will remain in the home without any movement unless medical emergencies or treatment of any necessary kind presents itself. Daoud's father will be willing to act as custodian and will work with pretrial in order to provide any infractions of this Bond by Defendant. United States v. Dominguez, 783 F.2d 702 (7th Cir. 1986). See also U.S.S.G. Sec 3142(g) for a list of the considerations brought to bear with respect to pretrial release. Daoud has strong family ties without any criminal history. Concern of safety or flight does not exist.

1

These factors however, non-conclusive identified in 3142(g) can not further support the governments presumption United States v. Herrera soto 961 F.2d 645 (7th Cir. 1992) "A substantial question of law that is sufficient to satisfy the criteria for release required to any convicted person. In a remarkable or unique factual context, may render detention a legal issue, where this matter with Thomas Durkin is of such weight that it forms the basis of an "exceptional reason" against detention.

In support of a hearing on the matter defendant will Notice the Court of the fact that another ex-client of Attorney Durkin Mr. Ashraf Al-Safoo has experienced the same deceit-The provisions of 18 U.S.C. Sec. 3143 govern release pending sentencing or appeal as this court will determine. In United States v. Torres, 929 F.2d291 (7th Cir. 1991) the trial Court, Seventh Circuit reversed the Court's--detention order and remanded the case for further proceedings where the district court refused to review the transcript of proceedings before the magistrate judge and further declined to hear any live evidence from defendant. Citing expediency, the district court told defense counsel to simply proffer the testimony that would have been provided regarding family ties. Daoud has a very strong family that will not only support this Bond, but his father has maintained support for his son for the last nine or more years, as well as his mother. It is with this family support and the fact that there exist no criminal history coupled with the need for the ineffective assistance he has received from Thomas Durkin, in which will soon be presented by yet another ex-client of this same attorney. Everyone cannot be making this up.

## CONCLUSION

WHEREAS, it is with all due respect that this Honorable Court hold a hearing to determine this request for Bond, and have pretrial services contact Defendant's family for they will act as custodians and allow the proper information to be presented.

Respectfully submitted,

Adel Daoud
Adel Daoud #43222-424
MCC Chicago
71 West Van Buren
Chicago Illinois 60605

2

CERTIFICATE OF SERVICE

I hereby certify that I have caused a copy of this Motion for a Bond hearing to be served upon the Clerk of Court in order for Mr. Bruton to serve all parties at interest. This is due to the lock down here at MCC and no copies can be made. This is being executed on this the **6** day of January, 2022, under penalty of perjury. pursuant to 28 U.S.C. 1746.

Thomas G. Bruton<br>
Clerk of Court<br>
Northern District of Illinois<br>
219 So. Dearborn St.<br>
Chicago Illinois 60604

Respectfully submitted

*Adel Daoud*

Adel Daoud #43222-424
MCC Chicago
71 West Van Buren
Chicago Illinois 60605

Adel Daoud #43222-424
Metropolitan Correctional Center
71 West Van Buren
Chicago Illinois 60605

01/12/2022-15

LEGAL MAIL

Thomas G. Bruton
Clerk of Court U.S. District Court
Northern District of Illinois
219 South Dearborn
Chicago, Illinois 60604

2022 JAN 12 AM 8:52

METROPOLITAN CORRECTIONAL CENTER
71 W. VAN BUREN ST. CHICAGO, IL 60605