UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 12 CR 723 |
| v. ) | 13 CR 703 |
| ) | 15 CR 487 |
| ) | Honorable Matthew F. Kennelly |
| ADEL DAOUD ) | |

**GOVERNMENT'S RESPONSE TO
DEFENDANT'S MOTION TO WITHDRAW ALFORD PLEA**

Defendant Adel Daoud has filed a motion to withdraw his *Alford* guilty plea. R. 417.[1] Defendant's motion should be denied because he knowingly and voluntarily entered a plea of guilty and has not met his burden of establishing a fair and just reason to withdraw the plea.

**I. BACKGROUND**

*12 CR 723*

On or about September 20, 2012, the defendant was charged with attempting to use a weapon of mass destruction, in violation of Title 18, United States Code, Section 2332a(a)(2)(D), and attempting to damage and destroy a building by means of an explosive, in violation of Title 18, United States Code, Section 844(i).

*13 CR 703*

On or about August 29, 2013, the defendant was charged with soliciting a crime of violence, in violation of Title 18, United States Code, Section 373(a), murder-for-

---

[1] Citations to the record are from 12 CR 723.

1

hire, in violation of Title 18, United States Code, Section 1958(a), and obstruction of justice, in violation of Title 18, United States Code, Section 1512(a)(1)(A).

*15 CR 487*

On or about August 13, 2015, the defendant was charged with assault with intent to commit murder, in violation of Title 18, United States Code, Section 113(a)(1), assault with a dangerous weapon with the intent to do bodily harm, in violation of Title 18, United States Code, Section 113(a)(3), assault resulting in serious bodily injury, in violation of Title 18, United States Code, Section 113(a)(6), making and possessing a prohibited weapon, in violation of Title 18, United States Code, Section 1791(a)(2) and (b)(3), and assault by striking, beating and wounding, in violation of Title 18, United States Code, Section 113(a)(4).[2]

On or about November 26, 2018, over the government's objection and pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970), the defendant pled guilty to all counts of the three indictments. R. 303.

On or about May 20, 2019, after a three-day sentencing hearing, the defendant was sentenced to a total of 16 years in the custody of the Bureau of Prisons followed by 45 years of supervised release. R. 336.

---

[2] The *Alford* plea factual basis (R. 302) and the government's sentencing memorandum (R. 329) are incorporated herein by reference and include an in-depth discussion of the facts underlying all three cases.

2

The government appealed the sentence and on or about March 15, 2021, the sentence was vacated, the cases were remanded for resentencing and were reassigned to another Court. R. 366.

## II. ARGUMENT

### A. Legal Standard

Federal Rule of Criminal Procedure 11(d)(2)(B) provides that a defendant "may withdraw a plea of guilty or nolo contendere…after the court accepts the plea, but before it imposes sentence if:…the defendant can show a fair and just reason for requesting the withdrawal." The Seventh Circuit has recognized "three general grounds that merit withdrawal of a guilty plea: where the defendant shows actual innocence, legal innocence, and where the guilty plea was not knowing and voluntary." *United States v. Graf*, 827 F.3d 581, 583 (7th Cir. 2016). The Seventh Circuit has made clear that "[n]o defendant has an absolute right to withdraw a guilty plea." *United States v. Schilling*, 142 F.3d 388, 398 (7th Cir. 1998); *United States v. Barr*, 960 F.3d 960, 917 (7th Cir. 2020). The burden of justifying relief rests with the defendant. *United States v. Coonce*, 961 F.2d 1268, 1275 (7th Cir. 1992); *United States v. Underwood*, 174 F.3d 850, 852–53 (7th Cir. 1999); *see also Schilling*, 142 F.3d at 398.

Furthermore, "[w]hen a defendant wishes to withdraw his plea [of guilty] after he states at a Rule 11 hearing that it was freely and knowingly given, he faces an uphill battle in persuading the judge that his purported reason for withdrawing his plea is fair and just." *Schilling*, 142 F.3d at 398 (internal quotations and citations

3

omitted); *see also United States v. Messino*, 55 F.3d 1241, 1248 (7th Cir. 1995); *United States v. Trussel*, 961 F.2d 685, 689 (7th Cir. 1992).

A plea of guilty is a "grave and solemn act." *United States v. Ellison*, 798 F.2d 1102, 1106 (7th Cir. 1986). "Entry of a plea of guilty is not some empty ceremony, and statements made to a federal judge in open court are not trifles that defendants may elect to disregard." *United States v. Stewart*, 198 F.3d 984, 987 (7th Cir. 1999). "A guilty plea admits, in legal effect, the facts as charged." *United States v. Rietzke*, 279 F.3d 541, 545 (7th Cir. 2002).

The purpose of a Rule 11 colloquy is to expose coercion or mistake, and the district judge must be able to rely on the defendant's sworn testimony at that hearing. *United States v. Gwiazdzinski*, 141 F.3d 784, 788 (7th Cir. 1998). Representations and admissions made by a defendant in a plea agreement and during a change of plea hearing are therefore entitled to "a presumption of verity." *United States v. Pike*, 211 F.3d 385, 389 (7th Cir. 2000).

However, because a "defendant's statements at the plea colloquy are presumed to be true, the defendant bears a heavy burden of persuasion in showing that such a fair and just reason exists." *United States v. Chavers*, 515 F.3d 722, 724 (7th Cir. 2008)*; United States v. Collins,* 796 F.3d 829 (7th Cir. 2015)(defendant's representations at a plea hearing are "entitled to a presumption of verity" so that "[a] defendant presenting a reason for withdrawal that contradicts answers he gave at the plea hearing faces an 'uphill battle.'")(internal citations omitted).

4

An *Alford* plea does not afford a defendant greater leeway to withdraw the plea and the analysis of a motion to withdraw an *Alford* plea is "subject to the same tests as a guilty or nolo contendere plea…A defendant has no absolute right to withdraw an *Alford* plea; rather, that decision remains within the broad discretion of the court." *United States v. Griffiths*, 709 F. Supp. 1036, 1041 (D. Utah 1988); *see also, United States v. Ortiz-Caballero*, 51 F.3d 283 (9th Cir. 1995) (Ortiz-Caballero sought to withdraw his *Alford* plea. The Court found that defendant "failed to demonstrate a fair and just reason to permit withdrawal of his plea.").

A defendant is not entitled to an evidentiary hearing on his motion to withdraw his plea. *United States v. Smith,* 989 F.3d 575, 583 (7th Cir. 2020). In particular, where the allegations are "vague, conclusory, or palpably incredible" or where the defendant fails to offer substantial evidence, a hearing is not required. *Id.*

### B. Change of Plea Hearing

On November 26, 2018, the Court held a change of plea hearing. The plea colloquy demonstrates that the defendant's *Alford* plea of guilty was both knowing and voluntary. "A guilty plea is voluntary when it is not induced by threats or misrepresentations and the defendant is made aware of the direct consequences of the plea. A guilty plea is intelligent and knowing when the defendant is competent, aware of the charges, and advised by competent counsel." *United States v. Messino*, 55 F.3d at 1248.

The defendant, who was represented by competent and very experienced defense counsel, and who conferred with defense counsel prior to and during the change of plea hearing, confirmed during the plea colloquy that he was not induced

5

to plead guilty by any promises, threats, or misrepresentations. Tr. 29.[3] The government addressed the maximum sentences for each count, with the total possible sentence being life imprisonment, both statutorily and by the sentencing guidelines. Tr. 29 - 32. The Court explained to the defendant that the final sentence rests with the Court and that any predications of what that sentence may be, should be ignored. Tr. 32 - 34. The defendant confirmed during the plea colloquy that he understood that if he chose to plead guilty, he faced a maximum sentence of up to life imprisonment, as well as a potential mandatory minimum sentence of five years' imprisonment. The defendant conferred with counsel and stated he understood and wished to continue. Tr. 35. The defendant's plea was therefore voluntary. *See United States v. Parker*, 368 F.3d 963, 968 (7th Cir. 2004) (defendant understood the consequences of his plea when he acknowledged the statutory maximum sentence and still entered into a guilty plea).

The defendant also intelligently and knowingly entered into his *Alford* plea. *See Messino*, 55 F.3d at 1248. After a lengthy colloquy regarding his physical and mental health, the Court specifically found, and the defendant does not contest, that he was competent to plead guilty at the time of the change of plea hearing. Tr. 21.

Consistent with an *Alford* plea and in addressing the factual basis, defense counsel acknowledged the accuracy of the factual basis and that the government's evidence was strong, although counsel qualified his statements by stating, without explanation, that there are other reasons to persist in the defendant's innocence. Tr. 37. Defense counsel explained that the primary purpose for changing the plea was to avoid the stress of a trial that could have a negative impact on the defendant's mental health. Tr. 39. Defense

---

[3] The transcript citations are to the November 26, 2018, change of plea hearing.

6

counsel also stated that the defendant has read the government's previously filed factual basis and was not challenging the facts but had some issue with the context of some of the defendant's statements contained within the factual basis. Tr. 41. Despite the claim of innocence, the defendant also heard a recitation of all the charges (Tr. 22 - 23) and the defendant acknowledged that the government's factual basis met the elements of each charge. Tr. 59. Thus, despite his years of long protestations of innocence, the defendant entered into a knowing and intelligent guilty plea.

The Court, in pronouncing judgment, found that "based on a finding of competency, a finding that you've been told about what the charges are, that you have had adequate assistance of counsel, that you know about the maximum possible punishments in this case; and that everything you have stated here today has been knowing and voluntary without any coercion or any promises, including as to sentencing. And the Court finds you guilty and a judgment of guilty on each of the charges." Tr. 65 - 66.

Notably, in a prescient moment, the Court warned the defendant that if he went forward with the change of plea, there would be "no going back." The defendant responded that he understood. Tr. 28.

### C. Argument

#### 1. Legal Innocence

The defendant argues that there are "several legitimate defenses amounting to legal innocence which he abandoned at the last minute based on his counsel's concerns over his mental health." R. 417 at 5. Other than citing previous filings and

7

transcripts during which prior defense counsel made statements regarding a possible entrapment defense to the 12 CR and 13 CR indictments, and a possible legal insanity defense to the 15 CR indictment, the defendant in this motion does not elaborate on the defenses, or more importantly, explain how the decision to abandon those defenses amount to "legal innocence," one of the grounds to withdraw a plea.

The defendant further cites to statements by prior defense counsel that the defense determined that the stress of a trial could negatively impact defendant's mental health. The defendant does not provide any explanation as to how the mental health determination equates to legal innocence, nor does he cite to any evidence that he was legally insane during the commission of the 15 CR offense. Notably, nor does the defendant explain how the change of plea was not "fair and just."

The defendant chose to abandon his "defenses" and acknowledge the strength of the government's case ("Defendant certainly acknowledges the strength of the evidence against him." Tr. 36). "Such defense strategies may be perfectly legitimate in the first instance, but they do not involve questions of legal or factual innocence. They do not undermine the voluntary and knowing character of the plea when it was offered and accepted. To the contrary, the filing of such a motion after acceptance of a plea smacks of gamesmanship. Granting a motion to withdraw in such instances 'would degrade the otherwise serious act of pleading guilty into something akin to a move in a game of chess.' *United States v. Hyde,* 520 U.S. 670, 677, 117 S.Ct. 1630, 137 L.Ed.2d 935 (1997) (reversing appellate court's reversal of denial of motion to withdraw a guilty plea); *Graf,* 827 F.3d at 586.

Moreover, such "'bare protestations of innocence' are insufficient to withdraw a guilty plea, particularly after a knowing and voluntary plea made in a thorough Rule 11 colloquy." *Chavers*, 515 F.3d at 725 (quoting *Carroll*, 412 F.3d at 792); *see also United States v. Groll*, 992 F.2d 755, 758 (7th Cir. 1992) (stating that "claims of innocence alone do not mandate permission to withdraw a plea"). Although the government may have acknowledged that the defendant met the low bar to *raise* an entrapment defense at trial, at no time did the government ever acknowledge that the entrapment defense was valid. Other than arguments in his sentencing memorandum regarding imperfect entrapment as a § 3553a factor (R. 327), the defendant has presented no evidence to support the notion that he was not predisposed and that he was induced to commit the crimes charged. To the contrary, because the specter of entrapment was presented by the defendant, both prior to the change of plea, during the change of plea, and at sentencing, the government set forth a lengthy recitation of facts, supported by evidence that was presented to the Court during the sentencing hearing, which conclusively proved that the defendant was predisposed and was not induced into committing the offenses.f

More specifically, the government set forth in great detail, in its *Alford* plea factual basis (R. 302) and on pages 7 through 39 of its sentencing memorandum (R. 329), the evidence establishing that the defendant was not entrapped in either of his cases. The government described how, for months *prior* to the defendant's first interaction with a covert government representative, the defendant expressed his desire to die as a terrorist while committing jihad; how, during the course of the

9

planning the attack underlying the 12 CR case, he told the FBI Undercover Agent (UC) that his friend believed the UC to be a spy and that he told the UC that spies must die. After the defendant was arrested, his belief that the UC must die was cemented. Hence, he solicited an inmate to kill the UC post-arrest, leading to the 13 CR case.

In lieu of restating the specific, extensive details in this response, the government incorporates by reference the arguments made in its *Alford* plea factual basis and sentencing memorandum, and the supporting evidence submitted to the Court. The government's evidence aside, the defendant's motion falls woefully short of meeting his burden to show how he was legally innocent or that the *Alford* plea was not fair and just.

In support of his motion, the defendant points to *United States v. Groll*, 992 F.2d 755 (7th Cir. 1992). In *Groll*, the Court remanded the case back to the district court upon the denial of Groll's motion to withdraw his guilty plea. The Court found that there was evidence in the record to support Groll's entrapment defense and directed the district court to make further findings. *Id.* at 759-60.

The defendant has not even attempted to articulate how the facts of his cases would form the basis of an entrapment defense amounting to legal innocence. Nor has he presented, or identified in the record, any evidence "that supported at least a colorable entrapment defense." *United States v. Perillo*, 897 F. 3d 878, 885 (7th Cir. 2018). Where a court finds a defendant's allegations in support of an entrapment defense "inherently unreliable" or "incredible," denial of a defendant's motion to

10

withdraw his plea is appropriate. *United States v. Caban*, 962 F.2d 646, 649-50 (7th Cir. 1992).

Where, as here, "a defendant wishes to withdraw his plea after he states at a Rule 11 hearing that it was freely and knowingly given, he faces an uphill battle in persuading the judge that his purported reason for withdrawing his plea is 'fair and just.'" *Messino*, 55 F.3d at 1248. As discussed above, defendant has failed to provide any "fair and just reason" why he should be allowed to withdraw his guilty plea. The Court should therefore deny defendant's unsupported motion to withdraw his guilty plea.

*The Timing of Defendant's Motion*

The defendant changed his plea on November 26, 2018. Fed. R. Crim. Pr. 11(d)(2)(B) allows for a motion to withdraw a guilty plea to be filed prior to the imposition of the sentence. At no time between November 28, 2018, and his sentencing on May 20, 2019, did the defendant file a motion to withdraw his plea. It was not until after the appellate court rejected defendant's 16-year sentence as substantially unreasonable and remanded the cases for resentencing, did the defendant file his motion – over 46 months after the change of plea and over six months after the appellate remand.

It is painfully obvious, based on the timing of the motion and the post-plea procedural history of the defendant's cases, that the defendant is seeking to withdraw his plea out of concern for the sentence he may receive. At the time of the change of plea, the defendant was aware of the maximum sentences (life) and the estimated

11

sentencing guidelines (life), yet he chose to go forward with the change of plea, with the hope that he would receive a relatively lenient sentence. His hope was fulfilled. Now that he is facing the reality of a greater sentence, he wishes to rescind his plea.

A potential sentence that is greater than the sentence the defendant hoped for is not a ground for withdrawing his plea and does not satisfy his burden of a fair and just reason to undo his plea. "In general, incorrect estimates of sentences do not offer fair and just reasons for the withdrawal of guilty pleas." *United States v. Scott*, 929 F. 2d 313, 315 (7th Cir. 1991); *Barr*, 960 F.3d at 918 ("In his way, Barr's argument is just another way of saying that he underestimated his sentence when entering his plea; and that-we have recognized-is not a fair and just reason to withdraw a guilty plea."); *United States v. Knorr*, 942 F.2d 1217, 1220 (7th Cir. 1991). The 46-month gap between the change of plea and the filing of defendant's motion is an aggravating factor that the Court can take into account in determining the validity of the defendant's position. *United States v. Bowlin*, 534 F.3d 654, 660-61 (7th Cir. 2008) (Bowlin filed a motion to withdraw his plea three months after receiving the pre-sentence report. "Nothing in this chain of events would support a finding that Bowlin's plea of guilty was not knowing and voluntary."); *United States v. Krasinski*, 2005 WL 8160439 * 2 (January 24, 2005, N.D.IL 03 CR 251)(Krasinksi filed a motion to withdraw his plea four months after the change of plea. "The timing of Krasinski's motion weighs heavily against Krasinksi.").

The defendant presents no arguments nor proffers any evidence to support any defenses let alone an entrapment defense that would justify a claim of legal

12

innocence. *See United States v. Lloyd*, 2014 WL 789078 *2 (N.D.IL 12 CR 865 February 27, 2014) (In seeking to withdraw his guilty plea, "Lloyd's motion does not even attempt to articulate how the facts of this case would form the basis of an entrapment defense."). Instead, the defendant simply points to transcripts where prior counsel said there was an entrapment defense. The government, on the other hand, presented to the Court in great detail, arguments and evidence proving how the defendant was predisposed to commit the offenses and how there was no government inducement.

In short, Daoud's plea was knowing and voluntary. His claim of legal innocence falls woefully short of his high burden. He has not established a fair and just reason to withdraw his plea and he has presented no legitimate reason to withdraw his plea. *Barr*, 960 F.3d at 918.

### 2. The Government's Objection to the Alford Plea Is Not a Legitimate Reason to Withdraw the Plea

The government objected to the *Alford* plea because "a jury determination would increase public trust in the proceedings and show defendant, the community, and the public at large that his entrapment claims are without merit." R. 297. The defendant argues that "the government's proffered reasons for opposing Mr. Daoud's *Alford* plea present fair and just reasons for allowing Mr. Daoud to withdraw his plea." R. 417 at 11. Simply put, the government's proffered reasons for opposing the *Alford* plea have no relation to the voluntariness of the *Alford* plea and do *not* present a fair and just reason for allowing the defendant to withdraw his plea.

13

First, the government's reasons for objecting to the plea, including to protect the public trust in the proceedings, has no bearing on whether the defendant was legally or factually innocent, or whether the *Alford* plea was not knowingly and voluntarily given. At no point has the government ever taken the position that the defendant was innocent, legally or factually, or that his *Alford* plea was not knowing and voluntary. To the contrary, the government has always taken the position that the defendant was factually, and legally, guilty of all of the charges. The defendant's reliance on the government's objections to the *Alford* plea has no place in his motion to withdraw the plea.

Second, it is the policy of the Department of Justice to object to an *Alford* plea. *See* Justice Manual 9-16.015, 9-27.440. If the government's objection, or a mere assertion that he claimed innocence at the change of plea, were a basis for allowing a defendant to withdraw his guilty plea, then there would be no need for a "fair and just" analysis in cases with *Alford* pleas. A defendant would have the option to withdraw an *Alford* plea at any time without meeting his burden. That would swallow the requirements for a guilty plea withdrawal and make *Alford* pleas meaningless. "[A]n *Alford* plea would be subject to mandatory withdrawal at any time upon a defendant's simple declaration he no longer desires to enter the plea. Such a determination would create the very evil sough to be avoided by the *Triplett* [*United States v. Triplett*, 828 F.2d 1195 (6th Cir. 1987)] and *Barker* [*United States v. Barker*, 514 F.2d 208 (D.C. Cir. 1975)] Courts: 'Were defendants allowed to withdraw guilty pleas without showing a fair and just reason to do so, pleas 'would become a mere gesture, a temporary and

14

meaningless formality reversible at the defendant's whim.'" *Griffiths*, 709 F. Supp at 1040, citing *Triplett*, 828 F. 2d at 1198.

Third, the issue of showing the public that the defendant was not entrapped was addressed in the government's factual basis, sentencing memorandum, and at the multi-day sentencing hearing where the government presented a significant amount of evidence proving that the defendant was predisposed to commit the offenses and was not induced to do so. The government's concern for transparency does not equate to a fair and just reason to grant the motion.

### III. CONCLUSION

For the reasons set forth above, the United States respectfully requests that this Court deny defendant's motion to withdraw his *Alford* plea.

Respectfully submitted,

JOHN R. LAUSCH, JR.
United States Attorney

By: */s/ Barry Jonas*
BARRY JONAS
TIFFANY ARDAM
Assistant United States Attorneys
United States Attorney's Office
219 South Dearborn, 5th Floor
Chicago, Illinois 60604
(312) 886-8027

Date: October 25, 2022