```
 1                  IN THE UNITED STATES DISTRICT COURT
                       NORTHERN DISTRICT OF ILLINOIS
 2                           EASTERN DIVISION

 3

 4
     UNITED STATES OF AMERICA,          )   Docket No. 12 CR 723
 5                                      )              13 CR 703
                          Plaintiff,    )              15 CR 487
 6                                      )
                   vs.                  )
 7                                      )
     ADEL DAOUD,                        )   Chicago, Illinois
 8                                      )   October 6, 2022
                          Defendant.    )   8:45 o'clock a.m.
 9
                         TRANSCRIPT OF PROCEEDINGS
10              BEFORE THE HONORABLE MATTHEW F. KENNELLY

11
     APPEARANCES:
12

13   For the Plaintiff:     HON. JOHN R. LAUSCH, JR.
                            United States Attorney
14                          BY:  MR. BARRY JONAS
                                 MS. TIFFANY ARDAM
15                          219 S. Dearborn St., Suite 500
                            Chicago, Illinois  60604
16

17
     For the Defendant:     QUINN A. MICHAELIS
18                          BY:  MS. QUINN ALEXANDRA MICHAELIS
                            73 W. Monroe
19                          Chicago, IL 60603
                            (312) 714-6920
20

21

22

23   Court Reporter:        MS. CAROLYN R. COX, CSR, RPR, F/CRR
                            Official Court Reporter
24                          219 S. Dearborn Street, Suite 2102
                            Chicago, Illinois  60604
25                          (312) 435-5639
```

1   (The following proceedings were had telephonically:)
2   THE CLERK: Case 12 CR 723, USA v. Daoud; case 13 CR
3   703, USA v. Daoud; and case 15 CR 487, USA v. Daoud.
4   THE COURT: Okay. Can counsel for the government
5   please give your name for the record.
6   MR. JONAS: Good morning, your Honor. It's Barry
7   Jonas for the United States.
8   THE COURT: And counsel for Mr. Daoud.
9   This is disappointing. It's set for 8:45, right?
10  Mr. Jonas, I'm going to ask you -- I'm going to pass
11  this for a second. I'm going to ask if you can maybe try to
12  email Ms. Michaelis and see if she's planning to join us.
13  MR. JONAS: Will do, Judge.
14  THE COURT: Just kind of butt in if she does, if she
15  says yes, and we'll go back to you.
16    (Brief pause.)
17  THE CLERK: Recall of cases 12 CR 723, USA v. Daoud;
18  case 13 CR 703, USA v. Daoud; and case 15 a CR 487, USA v.
19  Daoud.
20  THE COURT: Can the government's lawyer please give
21  your name for the record.
22  MR. JONAS: Good morning, your Honor. It's Barry
23  Jonas for the United States, and I believe Tiffany Ardam for
24  the United States is also on.
25  MS. ARDAM: That's right. Good morning, your Honor.

1 THE COURT: And defense counsel.

2 MS. MICHAELIS: Good morning, Quinn Michaelis on
3 behalf of Adel Daoud.

4 THE COURT: So I think we got, at least from my
5 perspective, three things to talk about today. I want to make
6 sure I have a handle on whether Ms. Michaelis, as she's
7 relatively speaking newer to the case, where she is getting
8 through the file, et cetera. That's number one. Number two
9 is setting a schedule on the motion to withdraw the plea that
10 got filed yesterday. And the third thing is talking about the
11 sentencing and setting a date for that.

12 So on the discovery, Ms. Michaelis, where are things?

13 MS. MICHAELIS: Your Honor, I am reviewing the
14 discovery and Mr. Daoud and I have been trying to do it
15 together. A lot of it is electronic discovery that is
16 difficult for him to access because of the MCC's lack of
17 computers that are actually working. I think the work around
18 here is to just go in with him and view it with him so that he
19 can see it on a computer that actually does work. So I'm
20 going to start going in there more often so that he can
21 actually have time to review things that he's not able to see
22 right now.

23 I do think that that process is going to take a
24 little bit of time, and so in terms of reviewing the discovery
25 completely, I still need some time to review all of it.

1  THE COURT: Okay. Let's just assume for purposes of
2  the next question that the motion to withdraw the guilty plea
3  ends up getting denied. It looked like to me from the status
4  report that the government's thinking was that resentencing
5  would be done on the original record and defense seemed to be
6  taking a different position that wasn't entirely clear to me.
7  Maybe you can flesh that out a little bit for me.
8  MR. JONAS: Sure, Judge. This is Barry Jonas. So we
9  did a three-day sentencing hearing before Judge Coleman
10 several years ago at this point. And when it got reversed by
11 the Seventh Circuit and reassigned to Judge Lee during one of
12 the status conferences it sent to counsel at the time, he said
13 either they were considering withdrawing the guilty plea or in
14 lieu of that, they would be fine if we did another three-day
15 sentencing hearing, and our position was we can rely on the
16 record of the transcripts from that prior hearing and just
17 argue off of that as well as the exhibits that we submitted,
18 but we would defer to the Court on that. Judge Lee said that
19 he would be fine doing a three-day sentencing hearing at the
20 defense's request.
21 So that's still our position. We can do another
22 sentencing hearing or we can just rely on the transcripts in
23 the record from the prior hearing.
24 THE COURT: The three days, I assume that's because a
25 bunch of witnesses testified.

1    MR. JONAS:  Yes, Judge.  The first day we had a
2 summary FBI witness, the second day we had the undercover
3 agent testify, and then the third day was mostly playing a
4 recording of a victim.  The third day was the shortest day.
5    THE COURT:  Okay.  And Ms. Michaelis, what are your
6 thoughts about that?
7    MS. MICHAELIS:  You know, I certainly would hate to
8 have to rehash a lot of testimony from the first time, but,
9 you know, I wasn't the attorney at that point and I don't know
10 if there are certain issues that I would want to delve into
11 that maybe weren't delved into in the first hearing.  It might
12 be that we could come to an agreement about whether there's
13 things I would want to raise that hadn't been raised the first
14 time around, and perhaps that's something that Mr. Jonas and I
15 can talk about and then come to a further answer for the
16 Court.
17    THE COURT:  Okay.  I mean, I think my thought on that
18 is that we can kind of leave it for you to talk about and for
19 me to decide later.  I mean, certainly if there's anything
20 different or additional that anybody wants to do, we'd need to
21 do that live, and I guess the question would be in terms of
22 the people who testified, is there, A, more or something
23 different that either side thinks they want to elicit, and
24 B -- and I might have a view on this too once I end up reading
25 this, which I will -- whether there's some value in having me

1   see them rather than just read their transcripts.  I think we
2   can talk about that as we get down the road.
3           You know, it looked like -- and I know that we don't
4   have Mr. Daoud on the phone.  This is just about scheduling.
5   It looked like at some point there was -- a different attorney
6   got -- so the case got remanded it looks like back in 2020,
7   maybe 2021.  Anyway, it's a while ago.  Early 2021, I guess,
8   so it's about 18 months ago.
9           It looked like there was -- so Josh Herman was the
10  lawyer at some point -- at that point.  It looked like there
11  was a motion -- maybe Tom Durkin was still in it too.  There
12  was a motion to withdraw.  It looks like maybe that's when
13  Ms. Michaelis filed her appearance.  That's just a smidgen
14  short of a year ago, and I also saw an appearance by Steve
15  Hunter at some point, and I wasn't quite sure what to make of
16  that.  Is he still in the case or not?
17          MR. JONAS:  Your Honor, this is Barry Jonas.  I'm
18  sorry, go ahead.
19          MS. MICHAELIS:  Your Honor, I was originally
20  appointed as I guess standby to consult with Mr. Daoud about
21  whether he wanted to actually have his attorney, Mr. Durkin,
22  withdraw.  Once Judge Lee granted that motion, Steve Hunter
23  was appointed, but then Mr. Daoud asked that I be appointed to
24  represent him going on, so Mr. Hunter then withdrew.
25          THE COURT:  That explains -- there's a motion that

1  never actually formally got ruled on from back in February of
2  this year. It was a pro se motion by Mr. Daoud. It's
3  entitled A Request to Keep Ms. Michaelis As Counsel. So
4  Mr. Hunter is out. You're it at this point basically; is that
5  right?
6          MS. MICHAELIS: Yes.
7          THE COURT: Okay. So Melissa, we can terminate that
8  motion. It's docket number 404.
9          Okay. On the motion to withdraw the guilty plea, I
10 guess I'm assuming from the fact that the transcript of some
11 hearing -- I don't know if it's the guilty plea hearing or
12 other hearings besides that -- are quoted at length. That
13 looks like it's around here. It looks like there's a docket
14 entry cited. I've got that.
15         So I want to set a date for Mr. Jonas to respond and
16 Ms. Michaelis to reply, and then I'll set a sentencing date in
17 a second.
18         Mr. Jonas, how long do you want?
19         MR. JONAS: Could we have three weeks, Judge?
20         THE COURT: Sure. The government's response is due
21 on the 27th of October. The defense reply is due two weeks
22 after that which would be, say, the 10th of November.
23         I'm going to set it for a status a little bit after
24 that. I think what I'm going to do at that point is make sure
25 that Mr. Daoud is on because I'll either have questions and/or

1  a ruling on that motion at that point.  So let's talk about
2  that date for a second here.
3        Could folks -- okay.  So could folks do -- let's
4  assume we're going to do it by video, and at least until
5  December, we're still on this, you know, alternate-day
6  schedule.  Things may change at that point, but before then,
7  they're not.  It isn't.  Could you folks do a video hearing
8  the afternoon of the 28th of November?  Full disclosure,
9  that's the Monday after Thanksgiving.  I have to do it in the
10 afternoon.  I have a couple things set.  Let's say something
11 like 1:45.
12       MR. JONAS:  Your Honor, it's Barry Jonas.  The
13 government is available.
14       MS. MICHAELIS:  That works for the defense as well.
15       THE COURT:  Okay.  So that's a video status hearing
16 and possible ruling on the motion to withdraw the guilty plea.
17 So just target -- let's just talk about kind of target dates,
18 assuming that motion gets denied, for sentencing -- for a
19 sentencing date.  So what do you think -- I mean, I assume
20 we're talking about after the first of the year.  So let's
21 just get all that off the table.
22       What are you thinking, Ms. Michaelis, in terms of
23 your ability to be ready and your client to be ready?
24       MS. MICHAELIS:  I think perhaps sometime in February
25 might be a good guess.

1         THE COURT: Okay. All right. So let's talk about
2 that. So here's what I'm going to suggest. That we set it --
3 I believe President's Day is the 20th. That's a holiday. So
4 my proposal is that we set it for that week; for the 21st,
5 let's say, of February. And then we can talk about this more
6 when we talk in November and obviously there will be other
7 dates after that. So does that work okay?
8         MS. MICHAELIS: That works for defense, yes.
9         MR. JONAS: Judge, that works for the government.
10 I'd like Ms. Ardam to weigh in if that works for her, the week
11 of February 21st.
12         MS. ARDAM: One second. I'm having issues with my
13 calendar.
14         That works for me as well.
15         THE COURT: Okay. So the sentencing is set for the
16 21st of February. I'm going to say -- I'm going to say 9:30
17 in the morning in person. And we're going to put in the order
18 that it's a hearing of possibly two to three days. We can
19 kind of leave that open for now.
20         So the next discussion then will be in November. Is
21 there anything else anybody wanted to bring up today before we
22 sign off?
23         MR. JONAS: Not from the government, Judge.
24         MS. MICHAELIS: Nothing from the defense. Thank you,
25 your Honor.

1 THE COURT: Take care. Thanks a lot.

2 MR. JONAS: Thank you, Judge.

3 MS. MICHAELIS: Bye.

4 (Which were all the proceedings had in the above-entitled

5 cause on the day and date aforesaid.)

6 I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

7

*/s/ Carolyn R. Cox, CSR, RPR, F/CRR*          February 6, 2023
8 Official Court Reporter
United States District Court
9 Northern District of Illinois
Eastern Division

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25