UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No.    12 CR 723 |
| v. | ) | 13 CR 703 |
| | ) | 15 CR 487 |
| | ) | Honorable Matthew F. Kennelly |
| ADEL DAOUD | ) | |

## PROTECTIVE ORDER

Upon motion of the United States, the Court having considered the facts and circumstances of this case, to include the government's classified filings, the Court makes the following findings:

1) The measures proposed by the government are reasonable and necessary to protect from disclosure the true identity of the FBI Undercover Employee ("UCE");

2) Disclosure of the true identity of the UCE would jeopardize ongoing investigations of which they were or are currently involved in;

3) The witness faces a real and substantial risk of danger to themselves and their families if their true identity is disclosed;

4) Disclosure of the true identity of the witness could compromise the government's undercover investigative procedures, which could impair other, ongoing undercover operations; and

5) Disclosure of information about the FBI's Undercover Training Programs could cause serious damage to the national security of the United States.

Based on these findings, the following measures will be utilized to protect the true identity of the UCE at the sentencing hearing and the operational procedures of

2

the FBI Undercover Program:

1.      The witness may testify at the sentencing hearing using a pseudonym without publicly disclosing their true identity;

2.      The defense shall be prohibited from asking any questions seeking personal identifying information from the witness, including true name, address, or date of birth;

3.      The defense shall be prohibited from asking any questions that would illicit any moniker(s) used by the UCE;

4.      The defense shall be prohibited from asking any questions about the witness's participation in past or pending investigations or undercover operations;

5.      The defense shall be prohibited from asking any questions regarding any FBI undercover programs writ large to include training and operations;

6.      Only the Court, essential courtroom personnel, the defendant and his standby counsel, the defendant's immediate family members, and the government's trial team shall be present in the courtroom when the witness testifies. The government shall arrange for contemporaneous CCTV video or similar broadcast of the courtroom proceeding during the testimony. The CCTV video will not show the UCE or any video of the UCE's meetings with the defendant. The UCE's face can obscured on any of the video of the UCE's meetings with the defendant that are played during the sentencing hearing or released to the public;

7.      No public disclosure of any audio recording, or similar reproduction of the voices or visual images of the witness while testifying, shall be permitted; and

8.      The witness shall be permitted to use a non-public entrance/exit to the courthouse and the courtroom.

This Order will remain in effect until further order from the Court.

**IT IS SO ORDERED.**

**IT IS FURTHER ORDERED** that the government's classified motion and accompanying information shall be sealed and maintained in a facility appropriate for the storage of such classified information by the Court Security Officer as the designee of the Clerk of Court, in accordance with established security procedures, for any future review, until further order of this Court.

SIGNED at Chicago, Illinois, this 26th day of April 2023.

_____

Judge Matthew F. Kennelly
UNITED STATES DISTRICT JUDGE