

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**

APR 28 2023 JC

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Nos. 12 CR 723 |
| v. | ) | 13 CR 703 |
| | ) | 15 CR 487 |
| ADEL DAOUD | ) | |
| | ) | Judge Matthew F. Kennelly |

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## STATUS REPORT

The UNITED STATES OF AMERICA, by MORRIS PASQUAL, Acting United States Attorney for the Northern District of Illinois, respectfully submit this Status Report.

On or about April 10, 2023, the government had the attached letter (Exhibit 1) delivered to the defendant at the MCC.[1] The letter identifies the two witnesses (FBI Special Agent Jeff Parsons and Mudaffar, the undercover agent), the government anticipates calling at the sentencing hearing. The letter also informs the defendant that the government anticipates playing portions of the recordings between him and his Kankakee cellmate "Vino," which address the 13 CR 703 case, as well as the victim impact video of Justin Hancock, which addresses the 15 CR 487 case.

On April 27, 2023, the government received the defendant's witness list. The list identifies 82 witnesses.

With regard to the defendant's electronic devices, enclosed with the letter mentioned above the government provided the defendant with a disc which contained

---

[1] The letter is dated April 5 but was not delivered until on or about April 10 as the government was waiting for the authorization from the MCC to deliver the package.

all the downloaded material on his Kindle in a readable form with the exception of the deleted items. The government informed the defendant that the government could bring the defendant to the U.S. Attorney's Office if he wished to review any of the items seized from the defendant at the time of his arrest, to include electronics, that are still in the government's possession.

On April 10, 2023, the government was informed by Ms. Michaelis, his stand-by counsel, that the defendant was having trouble reviewing some of the discovery. The government and Ms. Michaelis have discussed bringing the defendant to the U.S. Attorney's Office to allow the defendant to review the discovery on a government computer.

        Respectfully submitted,

        MORRIS PASQUAL
        Acting United States Attorney

By:   */s/ Barry Jonas*
        BARRY JONAS
        TIFFANY ARDAM
        Assistant U.S. Attorney
        219 South Dearborn St., Rm. 500
        Chicago, Illinois 60604
        (312) 353-5300

Date: April 28, 2023



**U.S. Department of Justice**

*United States Attorney*
*Northern District of Illinois*

---

| | | |
|---|---|---|
| *Barry Jonas*<br>*Assistant United States Attorney* | *Dirksen Federal Courthouse*<br>*219 South Dearborn Street,*<br>*Chicago, IL 60604* | *Direct Line: (312) 886-*<br>*8027* |

April 5, 2023

Adel Daoud, USM #43222-424
c/o Metropolitan Correctional Center
Chicago, IL

    Re:    <u>United States v. Adel Daoud</u>, No. 12 CR 723/13 CR 703/15 CR 487

Dear Mr. Daoud:

    We are writing to address three issues: imaging your electronic devices; the protective measures sought by the government during the sentencing testimony of the FBI undercover agent; and, per the Court's order, providing you a list of the witnesses who will testify during the sentencing hearing.

**Electronic Devices**

    You have previously requested complete forensic images of the electronic devices that were seized from your home on the day you were arrested. We are writing to address your request.

    The attached is a color-coded spreadsheet which itemizes the items seized from your home (Ex. 1). The items highlighted in red, which include two laptop computers and a desktop computer, were returned to Mr. Durkin and Mr. Herman on or about December 14, 2012. Enclosed is a copy of the receipt for the return of the items (Ex. 2). It is our understanding that, on or about December 17, 2012, your father picked up the returned items from Mr. Herman. Enclosed is a copy of the note reflecting that action (Ex. 3). Also enclosed is an FBI serial reflecting the return of some of the items (Ex. 6).

    The items highlighted in green are the electronic devices that are still in the possession of the government. As you may be aware, at the government request, the Court ordered the government to make "full logical copies and full data extractions of the defendant's electronic devices in the government's possession." Since the issuance of the order, the government has looked further into its ability to make images of all 12 of the electronic devices and has learned that there are several obstacles to doing so.



GOVERNMENT EXHIBIT 1

First, the provision of hard drives. In order to make the images, each device needs to be copied onto its own hard drive. Typically, and as happened in this case, the defendant must provide a blank hard drive if he or she wishes to have the government create a forensic image of an electronic device (see attached discovery letter dated November 16, 2012, informing Mr. Durkin to provide a blank hard drive if you or he wanted any forensic copies of electronic media (Ex. 4)). The U.S. Attorney's Office does not currently possess 12 blank hard drives.

Second, the MCC, for security reasons as we understand it, has stated a preference for not providing you with an additional 12 hard drives.

Third, due to the nature of some of the electronic devices, the FBI would be required to send the device(s) to FBI headquarters to create full forensic images, which could take weeks or even months, jeopardizing your ability to review the material in time for the June 20th sentencing hearing.

Finally, in order to make a 100% image of any device, the image would require an executable software that, it is our understanding, the MCC does not have or allow on its computers. The full logical copies are images that are readable by you on the MCC computers but may not include every digit of information contained on the device.

To address these issues, the government proposes the following:

We have been able to copy your Kindle onto a disc (it is our understanding through your standby counsel that you are primarily concerned with reviewing the Kindle so we focused on that device). The disc contains all the downloaded material on your Kindle in a readable form with the exception of the deleted items. The RCFL has been able to see, but not access, what has been deleted and it may be possible to recover those items but to do so would require the Kindle to be sent to FBI Headquarters. Included with this letter is the copy of the Kindle disc (RCFL_007) and a screenshot of the deleted items (Ex. 5). The disc does not contain the executable program entitled "spywareterminatorsetup.exe(1)"because that program contained malware.

Additionally, if you want to review any of the electronic devices still in the government's possession, to include the Kindle, or any of the other items identified in the spreadsheet (other than the items that have been returned), we can either bring you over to the U.S. Attorney's Office and have you review the items along with your stand-by counsel (we will not agree to this proposal unless your stand by counsel is present in the room with you) or we can return the devices/material to your stand-by counsel. It is our expectation though, that the MCC will not allow you to possess the

2

original devices at the MCC (we can inquire if you would like). Please let us know through your standby counsel if you wish to exercise either of the options.

**Protective Measures for the Undercover Agent's Sentencing Testimony**

On March 27, 2023, the government filed the enclosed motion for a protective order seeking certain measures to be put in place when the undercover agent testifies. The measures are the same that Judge Coleman put into place during the first sentencing hearing. The specific measures we seek are set forth in the motion.

A classified companion motion in support of the motion for a protective order, has also been filed *ex parte*, and under seal. A copy will not be made available to you.

**Sentencing Hearing Witnesses**

The government anticipates calling the following witnesses to testify during the sentencing hearing:

1) FBI Special Agent Jeff Parsons. Agent Parsons will address the sentencing exhibits that have previously been provided to you.

2) Mudaffar – the FBI undercover agent a/k/a undercover employee (UCE). Mudaffar will testify about your communications and meetings with him.

In addition to calling these two witnesses, the government will play some of the recordings from your prison cell when you were housed with "Vino." The government will also play the victim impact video of Justin Hancock.

Please let us know if you have any questions or wish to discuss any of the information contained in this letter.

    Very truly yours,

    MORRIS PASQUAL
    Acting United States Attorney

By:   <u>s/Barry Jonas</u>
    BARRY JONAS
    TIFFANY ARDAM
    Assistant United States Attorneys

CC:
Quinn A. Michaelis, Esq.