UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Nos. 12 CR 723 |
| v. | ) | 13 CR 703 |
| | ) | 15 CR 487 |
| ADEL DAOUD | ) | |
| | ) | Judge Matthew F. Kennelly |

STATUS REPORT

The UNITED STATES OF AMERICA, by MORRIS PASQUAL, Acting United States Attorney for the Northern District of Illinois, respectfully submit this Status Report regarding the defendant's list of witnesses.

The defendant has submitted a witness list with 22 names, which includes seven FBI personnel, as well as, among others, witnesses from the MCC, a Cook County deputy sheriff, fact witnesses and character witnesses.

The seven FBI personnel include Online Covert Employee 1 and Online Covert Employee 2, who had direct contact with the defendant, the former case agent (FBI SA Samuel Hartman), two bomb technicians (FBI SAs Michael Holt and Daniel Glavach), an agent who debriefed the Undercover Agent (FBI SA Raymundo Najera), and an agent who testified in the grand jury (FBI SA Barbara Harner). The government objects to the testimony of Agents Holt, Glavach and Harner.

According to the defendant's witness list, he wishes to call the bomb technicians to question them regarding "their participation in creation of the dummy bomb and the circumstances under which it was built." This testimony is irrelevant to the sentencing proceeding. The government has already presented testimony,

through the Undercover Agent, that the FBI constructed a large bomb that was placed in the back of a vehicle. The government does not dispute the fact that the FBI built the bomb, nor does the government contest the size or makeup of the bomb. Beyond that, any specific information regarding the creation of the bomb is irrelevant to the sentencing proceeding and presenting the testimony of two FBI bomb technicians, one of whom does not reside in the Midwest, would be an unnecessary waste of the Court's time and of government resources.

The defendant also wishes to call FBI Special Agent Barbara Harner regarding "her recollection of her grand jury testimony." The defendant has Agent Harner's grand jury transcripts and is able to make arguments from the transcripts. Agent Harner's recollection of her grand jury testimony is irrelevant and would be a waste of the Court's time.

Although the government questions the utility of the testimony of the other two FBI agents (Special Agent Sam Hartman and Raymundo Najera), the government defers to the Court on whether they should be called as witnesses.

    Respectfully submitted,

    MORRIS PASQUAL
    Acting United States Attorney

By:  */s/ Barry Jonas*
    BARRY JONAS
    TIFFANY ARDAM
    Assistant U.S. Attorney
    219 South Dearborn St., Rm. 500
    Chicago, Illinois 60604
Date: July 10, 2023    (312) 353-5300