IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 12 CR 723 |
| vs. | ) | Case No. 13 CR 703 |
| | ) | Case No. 15 CR 487 |
| ADEL DAOUD | ) | |

### ORDER ON VARIOUS MOTIONS BY DEFENDANT

This order addresses a number of motions filed by defendant Adel Daoud, who is proceeding *pro se* in these matters. The Court intends to discuss further at the October 20 status hearing the government's motion seeking to conduct a mental health evaluation of Mr. Daoud.

**1. Defendant's motion to compel (No. 12 CR 723, dkt. no. 490; No. 13 CR 703, dkt. no. 173; No. 15 CR 487, dkt. no. 184)**

In this motion, the defendant asks the Court to compel production of two items: "the video of the button pushing" and "the post that started the investigation." The government responds that there is no video of the defendant pushing the button on what he believed to be a bomb. Thus there is no basis to compel production. As the Court said in a previous order (dkt. no. 494), the absence of a video of this event is not a basis, as Mr. Daoud contends, to dismiss the charges against him. There's no requirement that the government record events that are material to the charged crimes, even if these happen during an undercover investigation. And thus there's no basis to dismiss the charges if there is no recording.

On the second point, the government responds that it has produced an FBI report describing the original online post that evidently led to the opening of an investigation. It says that the post itself, as well as the method of its collection, are classified and thus cannot be produced to the defendant. The Court does not know whether there was litigation at an earlier stage of this case (when it was pending before Judge Coleman or Judge Lee) regarding production of this item under the Classified Information Procedures Act. But based on the government's representation, the Court

denies (without prejudice on this second point) the motion to compel. On the question of dismissal, the defendant does not identify any legal or factual basis why the non-production of this item should lead to dismissal of the indictment. In particular, he has not explained why the FBI report that describes the post is insufficient for purposes of the sentencing hearing.

2. **Defendant's motion to suppress (No. 12 CR 723, dkt. no. 497; No. 13 CR 703, dkt. no. 179; No. 15 CR 487, dkt. no. 190)**

In this motion, the defendant claims that complete copies of the data taken from computers and devices that were seized from him were not produced. He says that "the computer[ ] and laptop copies are only samples, and the whole copies were never produced." He offers no further explanation of what he means by this and why what was produced is insufficient. The defendant also references one other specific item, namely an iPod. An FBI report evidently says that the iPod was broken and could not be imaged or processed. The defendant appears to say that for these reasons, all of the evidence taken from the media seized from him should be suppressed.

Putting aside the merits for the moment, this motion is filed far too late in the day. The government had already completed its presentation of evidence for sentencing purposes long before the defendant filed the motion to suppress. In addition, the defendant did not interpose any objection of this sort to any particular evidence the government offered before or during the course of the sentencing hearing. Even if the point were not forfeited, however, the defendant does not identify any particular of prejudice arising from the supposedly incomplete production.

The Court denies the motion to suppress for these reasons.

3. **Defendant's "motion to dismiss for framery" (No. 12 CR 723, dkt. no. 499; No. 13 CR 703, dkt. no. 181; No. 15 CR 487, dkt. no. 192)**

In this motion, the defendant appears to contend that certain testimony by the undercover agent is improbable and/or false; that a particular video does not show a complete depiction of the events; and that at a particular point in time he was actually following the undercover agent, not walking alone as a video intends to show. The motion refers to this as "framer" and says "grant me relief by dropping this case."

The motion does not identify any legally cognizable basis for dismissal of the charges. As the Court has pointed out on a number of occasions, the defendant pled guilty (and the Court has denied as least two motions to withdraw the guilty plea). The proposition that the evidence does not add up is not a basis to dismiss the charges under any legal rule of which the Court is aware, nor does the defendant cite anything in support of the request for dismissal. Finally, as the Court has said in other contexts, the defendant is free to cite the points he has made as arguments in mitigation.

The Court denies the motion to dismiss.

## Conclusion

For the reasons stated above, the Court denies the defendant's motion to compel, his motion to suppress, and his motion to dismiss.

Date: October 18, 2023

_____
MATTHEW F. KENNELLY
United States District Judge