UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No.   12 CR 723 |
| v. | ) | 13 CR 703 |
| | ) | 15 CR 487 |
| | ) | Honorable Matthew F. Kennelly |
| ADEL DAOUD | ) | |

**GOVERNMENT'S RESPONSE TO
DEFENDANT'S MOTION TO COMPEL, IMPEACH AND DISMISS**

Defendant Adel Daoud has filed a Motion to Compel, Impeach UCE & CHS, and Dismiss, Continued (R. 515).[1] Within his motion the defendant alleges that the government has "edited" the audio recordings from the evening of September 14, 2012.[2][3]

---

[1] For simplicity, the citations to the record are from case 12 CR 723.

[2] On December 22, 2023, the government emailed stand by counsel regarding the defendant's discovery issues, to include his request of copies of the UCE meetings in a format he can listen to. The government informed standby counsel that we have previously provided the UCE meetings in a wave file, which should be accessible to the defendant at the MCC. We also stated that we recalled him telling the Court that he can listen to the recordings and we stated to standby counsel that "we're at a loss here for what he needs and we don't want to keep producing the same material over and over again." We requested stand by counsel to "either drill down with him on what the exact problem is or maybe we can set up a call where the four of us all talk." We have not received any additional information on the exact nature of the discovery issues or had a direct conversation with the defendant.

[3] The defendant also states in his motion that he does not have a copy of "AV004," (R. 515, page 17) which is a recording of the defendant and the UCE for the few minutes the two were the jeep containing the bomb on the evening of September 14. AV004 comes from a recording device that was in the jeep and did not record any of the conversation when the defendant and the UCE were in the UCE's car, or on the street in downtown Chicago. AV004 has previously been provided to the defendant on multiple occasions. The government is in the process of converting the disc to a wave format and will provide a new copy to the defendant as soon as the conversion process is complete.

1

*The 9/14/2012 Recordings*

September 14, 2012, is the night the defendant attempted to blow up a car bomb in downtown Chicago. The undercover agent (UCE) was with the defendant and was wearing two recording devices. In his motion, the defendant argues that the recordings were edited and that "[t]he omissions include my last conversation with the UCE." (R. #515, page 1). The defendant, in his motion, identifies time stamps for the portion of the recordings that he claims were edited. The defendant does not appear to allege any other "editing" of the UCE recordings.

For purposes of discovery, the recordings from the UCE's recording devices have been identified as Audio 12 and Audio 13. On October 17, 2012, the government provided the defendant with copies of Audio 12 and Audio 13. These versions were in the "Hawk" format and came with an executable player to allow the recording to play. On July 7, 2022, and January 6, 2023, the government again provided copies of Audio 12 and 13 to the defendant in the Hawk format. On December 4, 2013, the government provided the defendant with Audio 12 and Audio 13 in a Wave file format, which does not require an executable player.

The government has listened to the portion of the recordings at issue (the last conversation with the UCE) for both the Hawk version and the Wave file version of Audio 12. There is a lot of background noise on the Hawk version, to include music playing, a siren and other street noise (the defendant and the UCE were standing in an alley) but you can still hear the defendant and the UCE talking albeit with the background noise it is difficult to hear every word that is said. The background noise

in the Wave file is not as pronounced, making it easier to hear what the UCE and the defendant were saying. From the government's review, it sounds that the conversation is the same in both recordings.

The government has listened to both the Hawk version and the Wave file version of Audio 13. The Hawk version and the Wave file version of Audio 13 are identical in sound quality, and you can hear, although with some difficulty due to the background noise, the same conversation in both recordings which appears to be the same conversation in the Hawk and Wave file version of Audio 12.

The defendant argues that the final conversation was not in the original productions. The defendant is incorrect. While not completely clear, the government can hear the majority of the conversation in the original Hawk recordings.

## Conclusion

For the above reasons, any remaining request from the defendant in his motion as it pertains to Audio 12 and Audio 13 should be denied.

                                        Respectfully submitted,

                                        MORRIS PASQUAL
                                        Acting United States Attorney

By:   */s/ Barry Jonas*
       BARRY JONAS
       TIFFANY ARDAM
       Assistant United States Attorneys
       United States Attorney's Office
       219 South Dearborn, 5th Floor
       Chicago, Illinois 60604
       (312) 886-8027

Date: January 22, 2024