```
                    IN THE UNITED STATES DISTRICT COURT
                       NORTHERN DISTRICT OF ILLINOIS
                             EASTERN DIVISION


UNITED STATES OF AMERICA,           )    Docket No. 12 CR 723
                                    )               13 CR 703
                         Plaintiff, )               15 CR 487
                                    )
              vs.                   )
                                    )
ADEL DAOUD,                         )    Chicago, Illinois
                                    )    November 28, 2022
                         Defendant. )    2:00 o'clock p.m.

                      TRANSCRIPT OF PROCEEDINGS
                BEFORE THE HONORABLE MATTHEW F. KENNELLY


APPEARANCES:


For the Plaintiff:      HON. MORRIS PASQUAL
                        United States Attorney
                   BY:  MR. BARRY JONAS
                        MS. TIFFANY ARDAM
                        219 S. Dearborn St., Suite 500
                        Chicago, Illinois  60604



For the Defendant:      QUINN A. MICHAELIS
                   BY:  MS. QUINN ALEXANDRA MICHAELIS
                        73 W. Monroe St.
                        Chicago, IL 60603
                        (312) 714-6920




Court Reporter:         MS. CAROLYN R. COX, CSR, RPR, F/CRR
                        Official Court Reporter
                        219 S. Dearborn Street, Suite 2102
                        Chicago, Illinois  60604
                        (312) 435-5639
```

1 (The following proceedings were had by video:)
2 THE CLERK: Case 12 CR 723, USA v. Daoud; Case 13 CR
3 703, USA v. Daoud; and Case 15 CR 487, USA v. Daoud.
4 THE COURT: Good afternoon. This is Judge Kennelly.
5 I'm really sorry for the late start. I had another hearing
6 where a lawyer joined late, so it kind of ran over. So I
7 apologize to everybody for making you wait.
8 If you're not familiar with this platform and you're
9 seeing a bunch of empty boxes on your screen and you want to
10 make those go away, those are people who work for me and maybe
11 a phone person or two. The way you make those go away is if
12 you run your cursor along the top of the screen, you'll see
13 something that says "layout." If you click on that, you'll
14 see something that says "hide participants without video." If
15 you turn that on, then the empty boxes go away.
16 So we are proceeding by video conference today. Can
17 the government's lawyer please give your name for the record.
18 MR. JONAS: Good afternoon, your Honor. Barry Jonas
19 for the United States.
20 THE COURT: And counsel for Mr. Daoud.
21 MR. JONAS: I'm sorry, your Honor.
22 THE COURT: I'm sorry. I skipped Ms. Ardam. Sorry
23 about that, Ms. Adam. You're on a different spot on the
24 screen. Sorry about that.
25 MS. ARDAM: No problem. Good afternoon, Tiffany

1 Ardam.

2 THE COURT: And counsel for Mr. Daoud. You're muted.
3 Can't hear you. Sometimes the headphones cause more trouble
4 than they're worth.

5 MS. MICHAELIS: How about now? I was trying to
6 preempt the problems that I usually have with the laptop.

7 Quinn Michaelis on behalf of Adel Daoud, who is also
8 appearing by video.

9 THE COURT: Mr. Daoud, can you see and hear okay?

10 THE DEFENDANT: Yes, your Honor.

11 THE COURT: Good afternoon to you, Mr. Daoud. I know
12 this is the first time we've met on this case.

13 So what's before me is Mr. Daoud's motion asking to
14 withdraw his guilty plea in the three cases, and I've reviewed
15 the memoranda submitted by both sides on that and also some
16 other material that was cited in those memoranda which I'll
17 talk about in a second here.

18 Does anybody have anything that you want to add to
19 what you submitted in writing?

20 MR. JONAS: Not from the government, Judge.

21 THE COURT: Ms. Michaelis?

22 MS. MICHAELIS: Your Honor --

23 THE COURT: Mr. Daoud is kind of raising his hand.

24 MS. MICHAELIS: Yes, I know Mr. Daoud has an
25 affidavit and his own motion to supplement I guess what I had

1   filed. I reviewed my filings with Mr. Daoud both before and
2   after they were filed. And I think Mr. Daoud is aware that
3   there are members of the government on the line and this is a
4   public forum, and obviously my advice is always going to be
5   not to --
6            THE COURT: I can try to put you -- I know you've had
7   a chance to talk. It doesn't always work on these things. I
8   can try to put you and Mr. Daoud in a separate virtual room if
9   you want a couple minutes to talk.
10           MS. MICHAELIS: Sure. Yes. If that would be
11  possible.
12           THE COURT: Yeah, I'll try. The one flaw on this
13  particular app is that there's no way for you to tell me that
14  you're done. So what I'm going to need you to do is the
15  second you're done, email Melissa, my courtroom deputy clerk,
16  she'll let me know. It's a little cumbersome. She'll let me
17  know and then I'll put you back in the meeting.
18           The other possibility is that this doesn't work. Let
19  me try it right now and see if I can get it to work.
20      (Short break.)
21           THE COURT: They're saying they're ready to rejoin.
22      (The following proceedings were had in open court:)
23           THE COURT: All right. We got everybody back. So
24  just for the record, that was about five or so minutes.
25           Ms. Michaelis, did you and Mr. Daoud have a chance to

1  talk?

2  MS. MICHAELIS: We did, your Honor, and Mr. Daoud
3  informed me that he had sent a filing to the Court on Tuesday
4  asking to -- it may not have arrived yet -- asking to
5  represent himself pro se.

6  THE COURT: I don't have that at the moment. So what
7  happens, Mr. Daoud, you probably know this from other
8  experiences, you may not actually, so when somebody sends
9  something in that's sent in in paper as opposed to
10 electronically, first of all, they have to get it -- and the
11 mail these days is honestly slower than it used to be, and
12 then they have to scan it and then they have to upload it to
13 the docket, so it usually takes a couple of extra days.

14 Let me ask this. Putting aside the fact that you've
15 got a motion on the way, was it your -- was it going to be
16 your request to file something additional on the motion to
17 withdraw your guilty plea that I don't already have?

18 Now you're muted. And I don't know why that is. You
19 might have to get the attention of a correctional officer to
20 get them to fix it. That's probably -- it probably happened
21 because I moved you to the other room. I still can't hear
22 you. My suggestion is try to get the correctional officer's
23 attention. They ought to be able to fix it. We can wait.
24 It's no hurry.

25 (Brief pause.)

1   THE COURT: Thanks to the officer. Much appreciated.
2   Let me go back to my question. My question was,
3   putting aside for the moment your request to represent
4   yourself, was it your intention to ask to submit something
5   additional on the motion to withdraw your guilty plea?
6   THE DEFENDANT: Yeah, with the motion -- with the
7   request to be pro se, I put in a motion affidavit at the same
8   time. On Tuesday I did it.
9   THE COURT: Okay. All right. Since -- I don't know
10  what people's thoughts are -- when I say people, I mean
11  besides Mr. Daoud, the lawyers. I guess my inclination would
12  be since part of what Mr. Daoud has submitted is something
13  that might be pertinent to the motion to withdraw the guilty
14  plea -- it was my intention to make an oral ruling on that
15  today, is to hold off on that until I get it and reset this to
16  a different date.
17  What that means, unfortunately, I'm going to have to
18  reset it out at least two weeks. I had kind of timed this
19  because of other things I have going on and I'm going to be
20  away from Wednesday until a week from Wednesday. When I get
21  back, I'm supposed to start a trial in Rockford that's
22  supposed to last two weeks. That defendant is scheduled to
23  plead guilty tomorrow, and if that happens as has been -- as
24  they're expecting it to, then I'll have a little bit of free
25  time in December.

1     So I guess my inclination would be to set this over a
2 couple of weeks until the week of the 12th of December just
3 with the caveat that if my case in Rockford ends up going to
4 trial, I'm going to have to move this until a significantly
5 later date.
6     And then the other thing is -- and I guess my
7 inclination because, you know, we're in the process of
8 changing all of the COVID-related rules, this isn't a guilty
9 plea, it's not a trial, so it's not something that by rule has
10 to be in person, but unless there's some good reason, I think
11 it might make sense to do the hearing in person, whatever
12 we're going to do next in person.
13     So the proposal on the table is to set this over to,
14 let's say, Wednesday, the 14th of December at 9:30 in person
15 and deal with whatever Mr. Daoud has filed then, whether it's
16 both on the motion to withdraw the guilty plea and a request
17 for self-representation.  Does that date work?
18     THE DEFENDANT:  Wednesday, the 14th, 9:30?
19     THE COURT:  Correct.
20     MS. MICHAELIS:  Your Honor, I have to be in Kansas
21 City that week for some in-office discovery review and so I
22 had intended to be there on the 14th.  If it's possible to do
23 it later, maybe on the 16th?
24     THE COURT:  Yeah, I can do it on the 16th.  Let me
25 just try to figure out the time here.  Let's say 9:15 on the

1 16th of December.

2 Mr. Jonas and Ms. Ardam, does that work for you?

3 MR. JONAS: That works for me.

4 MS. ARDAM: Me as well. Thank you.

5 THE COURT: So I'm going to set -- I'm going to set
6 -- whatever it was we had set for today, I'm going to set it
7 for an in-person hearing on the 16th of December at 9:15.
8 We'll get Mr. Daoud over here.

9 And I guess the only thing -- just to kind of hedge
10 all the bets here, I don't suppose, Ms. Michaelis, you've got
11 a copy of what Mr. Daoud has sent over to the court? Have you
12 gotten it yet?

13 MS. MICHAELIS: I have a version of the --

14 THE COURT: If it's not a copy of what he sent over
15 to the court, I don't want you to give it to me. I guess all
16 I would ask just in case, because sometimes the mail gets
17 gummed up worse than others, if there's a way to -- Mr. Daoud,
18 did you keep a photocopy of what you sent over to the court?

19 THE DEFENDANT: I have a written copy.

20 THE COURT: In other words, something you copied out
21 longhand?

22 THE DEFENDANT: I have a copy of it. I don't know if
23 it's a photocopy.

24 THE COURT: Fair enough. All right. We'll just go
25 with it this way then.

1  All right. So I'll talk to everybody on the 16th of
2  December.
3  　　　　MS. MICHAELIS: Thank you, your Honor.
4  　　　　THE COURT: Anything else we need to talk about
5  today?
6  　　　　MR. JONAS: Judge, just real quick, I have a
7  question. One thing that we were hoping to accomplish today
8  besides resolution of the motion is to find out if the
9  sentencing in February was going to be just a regular
10 sentencing argument or if we were going to have a multi-day
11 hearing.
12 　　　　THE COURT: No. I'm glad you're bringing that up.
13 So here's my thought on that. And I have looked at the
14 transcript of the multi-day hearing that you had in front of
15 Judge Coleman, and we had a little bit -- just for Mr. Daoud's
16 benefit, we had a little bit of a discussion about this in a
17 phone status hearing I had with just the lawyers shortly after
18 the case got reassigned to me after Judge Lee went to the
19 Court of Appeals.
20 　　　　I think I indicated in that hearing that my
21 preference was going to be to do it -- to essentially redo the
22 sentencing hearing. And that's still my preference after
23 having read the transcripts. Now, it's conceivable that there
24 might be a witness or two that's not available, and if that's
25 the case, we can talk about, you know, me considering the

1 transcript of those folks's testimony.

2 But, you know, given the significance of the sentence
3 that was imposed before and the ruling by the Court of
4 Appeals, I just think that it's best that I actually see the
5 witnesses live rather than just reading transcripts.

6 So that's a long-winded yes. I think we've got it
7 set for -- you know, barring some change, you know, based on
8 whatever's been filed now, I've got it set for I think it's
9 the week of president's day, right? It's the 21st of
10 February. I haven't scheduled any trials or anything for that
11 week because I'm basically expecting to spend a good part of
12 it on this. So there you go.

13 MR. JONAS: Thank you, Judge. That's helpful for us
14 so we know whether to prepare for a mini hearing or just
15 argument.

16 There is a logistical issue with one of the witnesses
17 who testified. He's an undercover FBI agent who testified
18 anonymously and with certain protective measures. I just want
19 to flag it for your Honor. We can discuss it at another
20 hearing prior --

21 THE COURT: Yeah, I know that that's out there. What
22 I don't have a handle on are what the protective measures were
23 that Judge Coleman used. What were they?

24 MR. JONAS: So my recollection is we essentially
25 locked the courtroom but make it available to the public

1  through another courtroom so the public can hear what's going
2  on.
3          THE COURT:  Audio only in the overflow courtroom?
4          MR. JONAS:  Correct.  And the witness testifies not
5  in his true name.  He used the name that he used during the
6  undercover operation.  And there's a restriction on
7  questioning him regarding his background that could identify
8  him as well as his training as an undercover agent.  This was
9  all filed in a motion.
10         THE COURT:  I think we can talk about that the next
11 time that we talk or once things kind of shake out a little
12 bit from the current -- the stuff that's pending currently
13 including the material that Mr. Daoud has sent over for
14 filing.  Just logistically, as long as I got enough advance
15 notice, it's not a problem to have, you know, an overflow
16 courtroom with audio only.  That's not a problem at all.  And
17 the rest of it we can talk about.
18         MR. JONAS:  Thank you, Judge.
19         THE COURT:  Anything else?
20         MS. MICHAELIS:  I'm sorry.  Could I just ask what the
21 docket number was for the motion so I can look at what those
22 protective -- I'm sorry.  I thought you were about to say it.
23         MR. JONAS:  No.  Off the top of my head, I don't
24 know.  I will email you what was filed.
25         MS. MICHAELIS:  Thank you.

1    THE COURT:  All right.
2    THE DEFENDANT:  What was that -- when was that phone
3 call?
4    THE COURT:  The phone call -- the in-court hearing --
5 oh, the phone call that I had with the lawyers?
6    THE DEFENDANT:  Yeah.
7    THE COURT:  I had an initial status just really to
8 schedule today's date and to provide a date for the hearing.
9 Give me a second here and I'll tell you when it was.  I just
10 got to pull up something.  It was on the 6th of October.  It
11 was on the 6th of October.  It probably didn't last more than
12 about five or seven minutes.
13   I asked for the status of the case, Ms. Michaelis
14 told me she was reviewing discovery, a lot of which was
15 electronic and some of it which was hard for you to access at
16 the MCC.  So it was going to take a little bit of time to do
17 that.  We talked a little bit about the sentencing hearing.  I
18 was advised that there had been an in-person three- or
19 four-day hearing before Judge Coleman a number of years ago at
20 which a number of people testified.  I think I more or less
21 indicated then it would be my preference to have the witnesses
22 testify live again as they had before.  And then that was
23 pretty much the end of it.
24   And on that date, which was like I say the 6th of
25 October, the motion to withdraw the guilty plea had come in

1  like a day or two before that.  I set a briefing schedule on
2  that for the government to respond and for Ms. Michaelis to
3  file a reply and then I set today's date.  That's a pretty
4  decent summary of what happened.
5             THE DEFENDANT:  I didn't know about it.
6             THE COURT:  I know you didn't.  It was for scheduling
7  purposes.  I wanted to get on top of the case because I know
8  it was an older case and it had just been reassigned to me.
9             THE DEFENDANT:  Okay.
10            THE COURT:  And that's why you're on the hearing
11 today.
12            THE DEFENDANT:  Okay.
13            THE COURT:  Okay.  I'll talk to everybody on December
14 16th.  Take care.
15            MR. JONAS:  Thank you, Judge.
16   (Which were all the proceedings had in the above-entitled
17 cause on the day and date aforesaid.)
18   I certify that the foregoing is a correct transcript from
   the record of proceedings in the above-entitled matter.
19
   /s/ *Carolyn R. Cox, CSR, RPR, F/CRR*          September 18, 2024
20 Official Court Reporter
   United States District Court
21 Northern District of Illinois
   Eastern Division