```
 1                    IN THE UNITED STATES DISTRICT COURT
                        NORTHERN DISTRICT OF ILLINOIS
 2                            EASTERN DIVISION

 3
    UNITED STATES OF AMERICA,        ) Docket Nos. 12 CR 723
 4                                   )             13 CR 703
                          Plaintiff,)             15 CR 487
 5                                   )
                   vs.               )
 6                                   )
    ADEL DAOUD,                      ) Chicago, Illinois
 7                                   ) July 10, 2024
                        Defendant.) 8:42 a.m.
 8

 9            TRANSCRIPT OF PROCEEDINGS - TELEPHONIC STATUS
              BEFORE THE HONORABLE MATTHEW F. KENNELLY
10

11   TELEPHONIC APPEARANCES:

12
    For the Plaintiff:          MR. MORRIS O. PASQUAL
13                              Acting United States Attorney
                                BY:  MR. BARRY JONAS
14                              219 S. Dearborn St., Suite 500
                                Chicago, Illinois  60604
15

16   For the Defendant:         MR. ADEL DAOUD, Pro Se

17
    For the Defendant           MS. QUINN A. MICHAELIS,
18   as Stand-by Counsel:        73 W. Monroe Street
                                Chicago, Illinois  60603
19

20   Court Reporter:            JOSEPH RICKHOFF, CSR, RMR, CRR
                                Official Court Reporter
21                              219 S. Dearborn St., Suite 2118
                                Chicago, Illinois  60604
22                              (312) 435-5562
                                joseph_rickhoff@ilnd.uscourts.gov
23
                  * * * * * * * * * * * * * * * * * *
24              PROCEEDINGS RECORDED BY STENOTYPE
        TRANSCRIPT PRODUCED USING COMPUTER-AIDED TRANSCRIPTION
25
```

1       (Proceedings heard by telephone:)

2               THE CLERK:  12 CR 723, 13 CR 703, and 15 CR 487, USA

3   vs. Daoud.

4               THE COURT:  Will the government's lawyer please give

5   your name for the record.

6               MR. JONAS:  Barry Jonas for the United States.

7               THE COURT:  Thanks.

8               Mr. Daoud, are you there and can you hear okay?

9               THE DEFENDANT:  I can hear you.

10              THE COURT:  Great.

11              And stand-by counsel?

12              MS. MICHAELIS:  Good morning.  Quinn Michaelis as

13  stand-by counsel for Adel Daoud.

14              THE COURT:  Okay.  So, from my end, this should just

15  take a couple minutes.  I just wanted to go over the logistics,

16  if you will, for sentencing -- completion of the sentencing

17  hearing a week from Friday.  And I may have had some comments

18  about this before, but I guess the way I'm seeing this is that

19  the government would talk first and then Mr. Daoud would talk

20  second.  And if someone has a different idea, then now is the

21  time to tell me.

22              MR. JONAS:  Judge, for the government, that works for

23  me.

24              THE COURT:  Mr. Daoud, does that sound okay to you?

25              THE DEFENDANT:  Yeah, okay.  The 19th, right?

1          THE COURT:  Week from Friday, yes, the 19th.

2          So, anybody got any questions, anything you need to

3 bring up with me?

4          THE DEFENDANT:  I do.

5          MR. JONAS:  Judge --

6          Go ahead, Mr. Daoud.

7          THE COURT:  Go ahead, Mr. Daoud.  Mr. Daoud, you're

8 first.

9          THE DEFENDANT:  Okay.  I got the sur-reply --

10 sur-reply from the government, like, right before your order.

11 So, I didn't even get a chance to respond to it when I got your

12 order.

13          THE COURT:  There wasn't another opportunity to

14 respond.  The sur-reply was -- I allowed the sur-reply because

15 there was some new issues raised in your reply brief that the

16 government hadn't had a chance to address.

17          THE DEFENDANT:  Oh.

18          THE COURT:  I hadn't contemplated another after the

19 sur-reply.

20          THE DEFENDANT:  I wasn't supposed to reply to the

21 sur-reply?

22          THE COURT:  That wasn't part of what I contemplated,

23 for the reason I described.  So, there was a new issue or two

24 raised in the reply brief that you had filed, which I thought

25 the government should be able to file a sur-reply on.  And, so,

1  that -- and they did.

2          THE DEFENDANT:  And what do you call it, did you get

3  -- I sent some motions the 1st of July.  Did you get them?  Or

4  a motion --

5          THE COURT:  Let me just check.  As of yesterday --

6  let's check here and double-check.  Yesterday I had not seen

7  anything on the docket.

8          Sorry, it just takes a second for the docket to come

9  up because it's pretty long.

10          I am not seeing anything.  So, don't know what to tell

11  you.  I mean, I guess what I would suggest -- do you have

12  copies of whatever it was you sent over?

13          THE DEFENDANT:  Yes, I do.

14          THE COURT:  Did you send it by mail?  Did you send it

15  by mail or --

16          THE DEFENDANT:  Yes, I did.

17          THE COURT:  Yeah, that's -- you know, as you know,

18  that's pretty -- it's pretty iffy in terms of how long it takes

19  to get here.  If you've got copies of stuff, it might make

20  sense for your stand-by counsel to come get them from you -- to

21  come get copies from you and at least she can file them.

22  That's the only other thing I can think of at this point

23  because --

24          THE DEFENDANT:  That's fine.

25          THE COURT:  -- now we're just relying on how quick the

1  MCC gets it in the mail and how quick the mail gets it over

2  here.

3          THE DEFENDANT:  Okay.

4          MS. MICHAELIS:  Your Honor, I can go in there today

5  and collect them and put them on the docket.

6          THE COURT:  Appreciate it.  Thanks.

7          Anything else you've got, Mr. Daoud?

8          THE DEFENDANT:  Just try and understand some of the

9  stuff in the order just to clarify.  So, when they say a fifth

10  motion under CIPA, they made a -- I guess a secret motion --

11  five motions in front of you or just five motions --

12          THE COURT:  No, the fifth one -- the fifth one was the

13  one in front of me.  I think the earlier ones were all filed

14  when the case was in front of Judge Coleman or maybe Judge Lee,

15  but not before me.

16          THE DEFENDANT:  So, was this the same thing when

17  they're referring to deleting discovery.  Like, what was that

18  about?

19          THE COURT:  So, it was just, in general terms without

20  going into the contents of it, it was a motion under the

21  Classified Information Procedures Act that said -- that asked

22  me to not require particular information to be turned over in

23  discovery.  So, that's a longwinded "Yes" to your question.

24          THE DEFENDANT:  So, they also said that there was a

25  transcript.  Can I get --

1    THE COURT:  No.

2    THE DEFENDANT:  -- a copy of that?

3    THE COURT:  What happened -- you cannot because it

4    covers the classified material.

5    So, what happens, I had some questions about the

6    government's filing.  So, I had a brief hearing -- and this is

7    all in the order that you've got.  I had a brief hearing and

8    with a court reporter present.  I asked my questions.  I got

9    answers to my questions.  And I need to, which you've seen,

10   tell the government that they need to have that transcript

11   prepared so that it gets in the same secured facility that if

12   it gets raised on appeal, the Court of Appeals will be able to

13   look at the transcript.

14   THE DEFENDANT:  Okay.

15   THE COURT:  Mr. Jonas, what did you have?

16   MR. JONAS:  Yes, Judge, just a procedural matter.

17   Staying with your same order, Docket 2- -- in the body of the

18   order regarding the CIPA motion, you granted the government's

19   CIPA motion, but then in the "Conclusion" section, you deny it.

20   THE COURT:  Well, that's kind of screwed up.

21   MR. JONAS:  I'm assuming you meant to grant it.

22   THE COURT:  No, that's not -- which order are we

23   talking about?

24   MR. JONAS:  So, the one I have in front of me is from

25   the 15 CR.

1      THE COURT:  Yeah, yeah, yeah.  No, it's -- I screwed

2  it up because the order dealt with some motions by Mr. Daoud

3  and some motions by the government.  I will get that -- (audio

4  transmission interrupted).

5      MR. JONAS:  Thank you, Judge.

6      THE COURT:  Thanks for calling it to my attention.

7      So, there were two motions by Mr. Daoud that I was

8  dealing with in that order and one by the government, and I

9  just -- yeah, I botched it.  I'll fix it.

10      MR. JONAS:  Thank you.  That's all I had.

11      THE COURT:  Okay.  So, I'll presumably see the stuff

12  that Ms. Michaelis gets on file once she gets it on file, and

13  if I need to do anything on that, I will.  But otherwise, I'll

14  see you all next Friday.

15      MR. JONAS:  Thank you, Judge.

16      MS. MICHAELIS:  Thank you, your Honor.

17    (Proceedings concluded at 8:49 a.m.)

18                    *    *    *    *    *

19

20  I certify that the foregoing is a correct transcript from the
    record of proceedings in the above-entitled matter.

21

22
    /s/ Joseph Rickhoff                    October 10, 2024
23  Official Court Reporter

24

25